# The City of Kankakee

## *v.*

## William Potter *et al.*

*Filed at Ottawa January 25, 1887.*

1. SPECIAL ASSESSMENTS—*sufficiency of the ordinance, as to the nature and description of the improvement.* An ordinance provided that the sewer through an alley in a given block of the town be reconstructed, and deepened to as great a depth as its connection with another sewer named would admit, the grade of bottom to be as thereafter established by the city surveyor, and, after fixing its locality, provided that the character of the work should be the same as the then present sewer, and that the materials in the old sewer should be used in the new, as far as possible: *Held*, that the ordinance was defective in failing to give, with sufficient certainty, the character, nature and description of the proposed reconstruction of the sewer, and that no special assessment based on the same could be enforced.

2. If the ordinance which is the foundation of a special assessment does not contain a description of the nature, character and locality of the improvement, the court will have no authority to confirm the assessment.

3. SAME—*degree of certainty required in ordinance.* The ordinance for the proposed improvement must prescribe the nature and character thereof with such definiteness and certainty as to furnish *data* for an intelligent estimate of its cost. When it can not be gathered from the ordinance itself whether a sewer is to be built of brick, stone, iron or wood, or what are its dimensions or capacity, it will be insufficient to justify a special assessment.

4. It is not necessary that an ordinance for the construction of a sewer by special assessment shall set forth the details and all the particulars of the work. A substantial compliance with the statute is all that is required.

APPEAL from the County Court of Kankakee county; the Hon. JAMES N. ORR, Judge, presiding.

Mr. R. A. BALLINGER, for the appellant:

The nature, character and description of the improvement contemplated in this case, are fully given in the ordinance. The block is named, and the commencement and end of the proposed sewer are given, and its course is made the same as the then existing old sewer. The ordinance provides that the sewer to be reconstructed and deepened is an "old sewer,"—

one of which the property owners were bound to take notice. That is certain which is capable of being made certain. Here, reference is had to the old sewer, and the materials thereof were to be used. *Village of Hyde Park* v. *Borden*, 94 Ill. 26; *People ex rel.* v. *Sherman*, 83 id. 165.

The ordinance does not delegate power and discretion to the city surveyor in determining the bottom of the sewer. His duties are purely ministerial. *Lake* v. *Decatur*, 91 Ill. 596; *Foss* v. *Chicago*, 56 id. 354.

As to what is a delegation of municipal powers which is prohibited, see 1 Dillon, secs. 1, 96, p. 124; 3 Vroom, 548; 9 id. 95; *Hitchcock* v. *Galveston*, 96 U.S. 341; 4 Bush, 464.

The objections present mixed questions of law and fact. A plea presenting such question is bad. *Insurance Co.* v. *Westenhauser*, 75 Ill. 285.

Mr. WILLIAM POTTER, for the appellees:

The ordinance recital in the petition provides that the sewer in the alley in block 24, and connecting with the public main sewer on Station street, be reconstructed, and deepened to as great a depth as its connection with said Station street sewer will admit of, the grade of bottom to be as hereafter established by the surveyor, the character of the work to be the same as in the present sewer,—"the materials in the old sewer to be used in the new, as far as possible."

The statute requires a description of such improvement to be specified in the ordinance. Starr & Curtis, sec. 135, p. 493.

An ordinance of this kind is fatally defective if it fails to describe the nature and character of the proposed improvement. *City of Sterling* v. *Galt*, 117 Ill. 11.

The law places the responsibility of prescribing what improvements shall be made, in the mode, manner and extent of them, with the common council. There is no authority for leaving it to the discretion of the board of public works, in the mode, manner or extent of the improvement, and an

ordinance which undertakes to vest such discretion in that board is void. (*Foss* v. *Chicago,* 56 Ill. 354.) To the same effect are the following cases: *Wright* v. *Chicago,* 60 Ill. 312; *McDonnell* v. *Chicago,* id. 350; *Moore* v. *Chicago,* id. 243; *Union Building Association* v. *Chicago,* 61 id. 439; *Workman* v. *Chicago,* id. 463; *Walker* v. *Chicago,* 62 id. 286.

It is not sufficient that the ordinance refers to specifications on file in the city clerk's office, as showing the nature and character of the proposed improvement, as that is not made the source of information. *City of Sterling* v. *Galt,* 117 Ill. 11.

In the case of *Lake* v. *Decatur,* 91 Ill. 596, the court say: "The extent or character of the improvement was not delegated by the city council, but, with accurate precision, the character and extent of the work was fixed by the ordinance."

Mr. JUSTICE MULKEY delivered the opinion of the Court:

This is an appeal, by the city of Kankakee, from an order of the county court of Kankakee county, sustaining objections by certain lot owners to a special assessment made by the city for the purpose of reconstructing one of its sewers. The only question to be determined is, whether the ordinance under which the assessment was made, sufficiently describes the improvement proposed to be made. The first section of the ordinance is the only one that has any bearing on the question, and is as follows:

"Sec. 1. That the sewer extending through the alley in block number 24, original town of Kankakee City, and connecting with the public main sewer on Station street, be and the same is hereby ordered to be reconstructed, and deepened to as great a depth as its connection with said Station street sewer will admit of,—the grade of bottom to be as hereafter established by the city surveyor,—said reconstruction and deepening to begin at the south line of Merchant street, and made continuous in the line of said sewer southerly through

said block 24, and across Station street to its connection with Station street sewer,—the character of the work to be the same as in the present sewer, the materials in the old sewer to be used in the new, as far as possible,—said work to be done under the supervision of the street commissioner and city surveyor."

The section of the statute under which this ordinance was passed, provides, that "whenever such local improvements are to be made, wholly or in part, by special assessments, the said council in cities, or board of trustees in villages, shall pass an ordinance to that effect, specifying *therein* the nature, character, locality and description of such improvement." (1 Starr & Curtis, chap. 24, sec. 135, p. 493.) Does the ordinance conform to the requirements of the statute?

The part of the section cited has, on a number of occasions, been before this court for consideration. We say "consideration," rather than "construction," for the words of the act are so palpably plain and unequivocal that there is really nothing in it to construe. Indeed, any attempt to state what the language cited means, would, if successful, necessarily be a mere echo of the very words used. Thus, in *Levy* v. *City of Chicago,* 113 Ill. 650, where the validity of a special assessment was involved, and the present question being then under consideration, it was there said: "Under this statute, it is plain, if the ordinance, which may be regarded as the foundation for the assessment, does not contain a description of the nature, character and locality of the improvement, the court would have no authority to confirm the assessment. Indeed, no intelligent estimate of the cost of the improvement could be made, * * * *unless the ordinance prescribes definitely* the nature and character of the improvement; hence the necessity for such a description *in the ordinance.*" The language cited is quite pertinent to the present case. It not only declares what the ordinance must contain, but states the reasons for it. As the ordinance affords the only authority for what is pro-

posed to be done by the municipality, there necessarily can be no authoritative way of making that known, except through the ordinance, as required by the statute. It is the basis of all contracts for the construction of the improvement, and must contain the *data* for estimating its cost. An estimate or contract for a local improvement, the nature, character, locality and description of which are not contained in the ordinance authorizing such improvement, is without authority of law, and is therefore invalid. The rule laid down in *Levy* v. *City of Chicago, supra,* is substantially repeated in the recent case of *City of Sterling* v. *Galt,* 117 Ill. 11.

The ordinance in the present case clearly does not come up to the requirements of the statute, or conform to the rule as announced in the cases referred to, and others that might be mentioned. There is nothing in the ordinance from which a stranger could gather the slightest idea as to the nature of the sewer to be built, its size, or probable cost. Is tiling to be used in its construction, or is it to be built of brick, stone, iron or wood? What are to be its dimensions or its capacity? None of these questions are answered by the ordinance. It is true that one familiar with the old sewer would have some idea as to what was intended by the framers of the ordinance, so far as the character of the work is concerned, and would be justified in inferring that the new sewer was to be built out of the same kind of material as was used in building the old one; but that is all. A stranger, however, could tell nothing about these things from the ordinance itself. An ordinance thus drawn does not meet the requirements of the statute. It is not expected that an ordinance of this kind should set forth the details and all the particulars of the work. Indeed, this is not contemplated, and the statute requires nothing of the kind. A substantial compliance with its provisions is all that is required. Less than this will not suffice. The law, executed according to its obvious import and meaning, imposes no hardship, or even inconvenience, but serves as a wholesome

safeguard against carelessness and fraudulent conduct on the part of those having charge of municipal affairs.

The judgment of the court below being in harmony with the views here expressed, is therefore affirmed.

*Judgment affirmed.*