THE PEOPLE *ex rel.* Kochersperger, County Treasurer,

*v.*

SAMUEL H. HURFORD *et al.*

*Filed at Ottawa June 8, 1897.*

1. SPECIAL ASSESSMENTS—*when ordinance is void for insufficient description.* An assessment ordinance which fails to so describe the nature and character of the improvement as to admit of an intelligent estimate of its cost, but leaves the nature and character of the improvement largely to the department of public works, is void. (*Cass* v. *People*, 166 Ill. 126, followed.)

2. TAXES—*objection that assessment ordinance is void is available on application for judgment of sale.* An objection that an assessment ordinance is void for insufficient description of the improvement is available on application for judgment of sale of the assessed property for the delinquent assessment.

APPEAL from the County Court of Cook county; the Hon. O. N. CARTER, Judge, presiding.

JOHN D. ADAIR, for appellant.

WILLIAM J. DONLIN, and CHARLES T. MASON, for appellees.

Per CURIAM: This is an appeal from a judgment of the county court of Cook county, entered upon the application of the county collector for an order of sale of certain lots returned as delinquent for the non-payment of a special assessment for water service-pipes ordered to be laid from each of said lots, to connect with the public

water main in Central Park avenue, in Chicago. Appellees filed their written objections to the entering of a judgment against their lots, relying principally upon the ground that the judgment of confirmation in the assessment proceeding, which was by default, was void because the ordinance providing for the improvement did not specify the nature, character, locality and description of said improvement, as required by statute. The county court sustained the objection and denied the application for judgment of sale.

The only statement of the nature, character, locality and description of the improvement, contained in the ordinance, was embraced in the first section, as follows: "That a water service-pipe be and is hereby ordered laid from each of the lots or parcels of land hereinafter described, abutting on Central Park avenue, from Twenty-sixth street to Thirty-second street, in the said city, to connect with the public main water-pipe in Central Park avenue in front of or adjoining such lot or parcel of land," —after which followed a description of the property. The ordinance also provided: "Said work to be done under the superintendence of the department of public works."

The case is practically on all-fours with *Cass* v. *People ex rel.* 166 Ill. 126, where it was held that the ordinance there involved was void because it did not specify whether the pipes were to be of wood or iron or tile, nor indicate in any way their dimensions, so that an intelligent estimate could be made of their cost from the description in the ordinance, but left the nature, character and description of the improvement largely to the department of public works. The decision in that case must govern here. The ordinance being void, the court had no power to render the judgment of confirmation, and it was therefore void.

The county court correctly refused to enter a judgment of sale, and its judgment will therefore be affirmed.

*Judgment affirmed.*