WILLIAM H. SANGER *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed November 8, 1897.*

SPECIAL ASSESSMENTS—*uncertainty of point where pavement terminates is fatal.* Description of a proposed pavement in an assessment ordinance as terminating at "the north curb line" of a certain intersecting street is fatally uncertain where such terminating line cannot be definitely ascertained by reason of a "jog" of one hundred and sixty feet between the point where such intersecting street enters the street to be paved, upon one side, and the point where it leaves it upon the other.

APPEAL from the County Court of Cook county; the Hon. C. M. BARICKMAN, Judge, presiding.

M. W. ROBINSON, EDGAR B. TOLMAN, and HARVEY M. HARPER, for appellants.

Mr. CHIEF JUSTICE PHILLIPS delivered the opinion of the court:

This was a proceeding by the city of Chicago for the confirmation of a special assessment for the improvement of Robey street, from the south curb line of Forty-seventh street to the north curb line of Fifty-second street, in that city.

The statute requires the ordinance to specify the nature, character, locality and description of the proposed improvement, in the ordinance itself or by reference to maps, etc. The ordinance in this case is specific except as to the distance between the south line of Forty-seventh street and the north line of Fifty-second street. Whilst Fifty-second street extends both east and west from Robey street, it does not cross the latter. The north line of Fifty-second street extending westward from Robey street is one hundred and sixty feet south of the north line of Fifty-second street extending eastward from Ro-

bey street, as shown by the maps made exhibits.   There is nothing in the ordinance or maps from which it can be determined whether the south end of the proposed improvement is at the north curb line extending west or that extending east.   The description and locality of the improvement are thus rendered uncertain.

The judgment of the county court overruling objections and confirming the assessment was error.   The judgment of that court is reversed and the cause remanded.

*Reversed and remanded.*