The Illinois Central Railroad Company

*v.*

The City of Effingham.

*Opinion filed April 21, 1898.*

1. Special Taxation—*sufficient description of improvement is essential to ordinance.* An essential element of a special taxation ordinance is a sufficient description of the improvement, in the absence of which no judgment of confirmation should be rendered.

2. Same—*when special taxation ordinance is insufficient in description.* A special taxation ordinance for grading, curbing, tiling and paving a certain street is insufficient in its description of the improvement where it fails to specify the size of the tile, its composition, inlets, outlets or connections, the number of lines to be laid or the depth for laying.

3. Same—*commissioners cannot omit estimate for part of improvement insufficiently described.* The ordinance for the improvement is the guide and authority of the commissioners appointed to estimate the cost, and they have no discretion to omit from their estimate any part of the improvement provided for because the description of such part is insufficient.

Appeal from the County Court of Effingham county; the Hon. W. B. Wright, Judge, presiding.

Wood Bros., for appellant.

Thomas E. Gilmore, (E. N. Rinehart, of counsel), for appellee.

Mr. Justice Cartwright delivered the opinion of the court:

The city council of the city of Effingham passed an ordinance June 24, 1897, providing that Jefferson street, in said city, should be improved by grading, curbing, guttering, tiling and paving with brick, and that the cost thereof, except the street or alley intersections and crossings, should be paid by special taxation of contiguous property. Three persons were appointed to make an estimate of the cost of the improvement, including grading, graveling, guttering, curbing, tiling, and the cost of levying and collecting the special taxes, and to report the same in writing to the council. The committee so appointed made their report July 5, 1897, estimating the total cost of the improvement provided for by the ordinance at $9303.89, and estimating the part to be levied on the property of individuals at $7006.56, the expense of making and levying the assessment at $210.18, and the cost of the improvement at street and alley intersections and crossings at $2087.15. A petition was filed by the city in the county court, and Michael O'Donnell was appointed to make the assessment. He made and returned an assessment roll, in which the property of appellant was assessed $1456. It appeared and filed objections, which were overruled, and the proceedings terminated in a judgment against its property for said amount.

The ordinance and proceedings are attacked on many grounds, but it will not be necessary to consider any objection except the one challenging the sufficiency of the ordinance, which was overruled by the court.

The description of the improvement to be made is an essential element of an ordinance of this kind, and if there is a failure to comply with the statute, no judgment for a special tax can be rendered upon it. This ordinance provides for improving the street, among other things, by tiling it, but there is an entire failure to specify the

nature, character, locality or description of that part of the improvement.   There is no intimation whether the tile is to be farm tile, vitrified pipe, iron or wood, or what its size shall be.   The ordinance does not specify its location, the depth to which it is to be laid, the number of lines of tile, or their inlets, outlets or connections. In *Otis* v. *City of Chicago*, 161 Ill. 199, an ordinance which provided for thirty-two lamp-posts and connections, but did not specify whether they were to be of wood or iron or what material, was held insufficient to sustain a special assessment.   In *Cass* v. *People*, 166 Ill. 126, an ordinance for laying water service-pipes, which failed to specify the dimensions of the pipes or to designate of what material they were to be made, was held insufficient, since no intelligent estimate of their cost could be made from the description in the ordinance.   In *People* v. *Hurford*, 167 Ill. 226, an ordinance for laying a water service-pipe, which did not specify the material or dimensions so that an intelligent estimate could be made of the cost, was held insufficient to sustain a judgment.   It is plain that this ordinance is equally defective, and that no committee could make an intelligent estimate of the cost of this material part of the improvement, as to which there is an entire want of any specifications.

The only answer made to the objection is, that the committee, in making the estimate, could omit that part of the improvement and not include anything in the estimate for the cost of tile.   The ordinance was their guide and authority, and they had no discretion to omit any part of the improvement therein provided for.   It was not for them to say whether the improvement, or any part of it, was necessary or unnecessary.

The judgment of the county court is reversed and the cause remanded.                    *Reversed and remanded.*