THE CITY OF GENESEO, Appellee, *vs.* HARRY E. BROWN, Appellant.—Same Appellee, *vs.* JOHN J. GUILD, Appellant.

*Opinion filed April 19, 1911—Rehearing denied June 7, 1911.*

1. SPECIAL TAXATION—*cost need not be apportioned the same way as in case of special assessments.* In making improvements by special taxation it is not required that the cost shall be apportioned to the property benefited in the same manner that is required in case of a special assessment.

2. SAME—*the fact that property is not specially taxed in same proportion is not a legal objection.* If a special tax against a particular piece of property does not exceed the benefits to the property from the improvement its payment may be enforced, and the fact that other property receiving greater benefits is taxed no higher affords no valid objection to the ordinance or proceeding.

3. SAME—*what is not a sufficient description of drains.* The drains from catch-basins to the sewers are not sufficiently described in an ordinance where the only reference thereto is a provision for connection of the catch-basins "by the most direct route to public sewers, by means of thoroughly vitrified salt-glazed stoneware sewer pipe twelve (12) inches in diameter," there being no specification as to the length or depth of the drains or where the sewers are located.

4. SAME—*when indefinite description in ordinance is not aided by engineer's estimate.* Where an ordinance fails to describe the drains for connecting catch-basins with the sewers further than to specify "vitrified salt-glazed stoneware sewer pipe twelve (12) inches in diameter," such defect is not cured by an item in the engineer's estimate for "90 lineal feet 12-in. sewer tile drain at $.50 per lineal foot, $45," there being nothing, except by conjecture, to connect the two descriptions.

APPEAL from the County Court of Henry county; the Hon. ALBERT E. BERGLAND, Judge, presiding.

HARRY E. BROWN, *pro se* and for appellant John J. Guild.

HENRY WATERMAN, City Attorney, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

These are appeals from a judgment of the county court of Henry county confirming a special tax against appellants' property, levied for the purpose of improving and paving Exchange street, in the city of Geneseo, within certain limits specified in the ordinance. With the petition filed by appellee for levying the special tax were also filed the ordinance providing for the improvement by special taxation of contiguous property, a recommendation of the board of local improvements and an estimate of the cost of the work. A commissioner was appointed by the court to spread the tax. Said commissioner duly returned a tax roll against property abutting upon Exchange street where it was proposed to pave it, fixing the tax at the uniform rate of four dollars per front foot. Appellant Brown owned property with a frontage on said Exchange street of 135.4 feet, and the total special tax against it was $541.60. Appellant Guild owned property having a frontage on said street of 193 feet, and his property was taxed $772. A day was fixed by the court for hearing objections to confirmation of the tax and notice given to the property owners. Appellants filed numerous objections to the confirmation of the tax, and upon a hearing of the legal objections they were overruled as to the property involved in this record. The objections on the question of benefits were heard by a jury. The jury returned a verdict finding appellants' property was not specially taxed more than it would be benefited by the proposed improvement, and the court rendered judgment confirming the special tax roll. Both Brown and Guild have appealed from that judgment. As the same questions are involved in both appeals and the same brief has been filed

in both appeals the cases were consolidated and but one opinion will be filed.

Numerous grounds are urged for a reversal of the judgment. We have reached the conclusion that the judgment must be reversed for insufficiency of the ordinance in the respect hereinafter pointed out, and, with the exception of one other objection urged, the other questions raised are of a character not likely to arise again if another proceeding shall be begun to make the improvement by special taxation. We therefore will discuss but two objections raised on this record.

The ordinance provides for grading, draining, curbing and paving Exchange street from the east line of College avenue east to the east line of Russell avenue extended southerly to the right of way of the Chicago, Rock Island and Pacific Railway Company. The distance between the termini of the improvement is five blocks. The width of the pavement is not uniform. Certain portions of the street were required to be paved a width of 40 feet, and at other places varying widths down to 20 feet opposite the property of appellant Brown. All contiguous property was specially taxed at the rate of four dollars per front foot, and it is contended by appellants that for these reasons the ordinance is void, on the ground that it is unreasonable and oppressive. In making improvements by special taxation it is not required that the cost shall be apportioned to the property benefited in the same manner that is required in case of a special assessment. That a higher tax shall be levied against one piece of property that is benefited no more than another piece of property which is taxed a lower sum is not a valid objection in a special tax proceeding. If the special tax does not exceed the benefits to the property its payment may be enforced, and that other property receiving greater benefits is taxed no higher affords no legal objection to the validity of the ordinance or the proceeding thereunder for specially taxing property for local improvements.

Section 10 of the ordinance provides for the construction of six catch-basins, and section 11 provides for their connection "by the most direct route to public sewers, by means of thoroughly vitrified salt-glazed stoneware sewer pipe twelve (12) inches in diameter." The length and depth of these drains are not mentioned in the ordinance, and there is no reference to the sewers with which they were required to be connected from which it can be determined where the sewers are located or the length of the drains from the catch-basins to the sewers. We have quoted from the ordinance the only reference to or description of these drains. Where the sewers are located, and their depths, is nowhere referred to in the ordinance, and no other description of the drains is given than in the quotation made from section 11. We do not think this a sufficient description of the improvement to comply with the statute. The ordinance should specify the nature, character, locality and description of the proposed improvement. (*Sanger* v. *City of Chicago,* 169 Ill. 286; *Wetmore* v. *City of Chicago,* 206 id. 367.) In *Illinois Central Railroad Co.* v. *City of Effingham,* 172 Ill. 607, it was said: "The description of the improvement to be made is an essential element of an ordinance of this kind, and if there is a failure to comply with the statute, no judgment for a special tax can be rendered upon it. This ordinance provides for improving the street, among other things, by tiling it, but there is an entire failure to specify the nature, character, locality or description of that part of the improvement. There is no intimation whether the tile is to be farm tile, vitrified pipe, iron or wood, or what its size shall be. The ordinance does not specify its location, the depth to which it is to be laid, the number of lines of tile, or their inlets, outlets or connections. In *Otis* v. *City of Chicago,* 161 Ill. 199, an ordinance which provided for thirty-two lamp-posts and connections, but did not specify whether they were to be of wood or iron or what material, was held insufficient

to sustain a special assessment.     In *Cass* v. *People,* 166
Ill. 126, an ordinance for laying water service-pipes, which
failed to specify the dimensions of the pipes or to designate
of what material they were to be made, was held insufficient,
since no intelligent estimate of their cost could be made
from the description in the ordinance.     In *People* v. *Hur-
ford,* 167 Ill. 226, an ordinance for laying a water service-
pipe, which did not specify the material or dimensions so
that an intelligent estimate could be made of the cost, was
held insufficient to sustain a judgment.     It is plain that this
ordinance is equally defective, and that no committee could
make an intelligent estimate of the cost of this material part
of the improvement, as to which there is an entire want of
any specifications."     These drains were an essential part
of the improvement and should have been described with
such certainty that an intelligent estimate of the cost of
them could have been made.

Appellee answers this objection by referring to the en-
gineer's estimate, one item of which is, "90 lineal feet 12-in.
sewer tile drain at $.50 per lineal foot, $45," and says this
refers to the pipe for the drains from the catch-basins into
the sewers and shows the amount to be too trifling to be
given any importance.     The engineer's estimate is quite as
indefinite and uncertain as the ordinance itself.     Whether
the item referred to is intended for the drains from the
catch-basins to the sewers can only be conjectured, and
there is no reference to the depth of the drains nor to their
length, unless it is to be inferred that the total length of
the six drains is 90 feet.     We are aware of no case where
a description of an essential part of the work so indefinite
as that of these drains from the catch-basins into the sewers
has been sustained.     In this respect we think the ordinance
was invalid, and for that reason the judgments in both ap-
peals must be reversed and the cause remanded.

*Reversed and remanded.*