MANSUR ET AL., APPELLANTS, *v.* CITY OF POLSON ET AL., RESPONDENTS.

(No. 3,186.)

(Submitted June 10, 1912. Decided June 17, 1912.)

[125 Pac. 1002.]

*Cities and Towns—Special Improvements—Resolution—Sufficiency—Changing Nature of Improvement—Burden of Proof—Assessments—Proper Rule.*

Cities and Towns—Special Improvements—Resolution—Sufficiency.
　　1. Under section 3397, Revised Codes, requiring the city council to state, *inter alia,* in a resolution looking to the creation of a special improvement district, the "character of the improvement," a resolution which contained a reasonably comprehensive notice of the improvement

in contemplation was sufficient, a detailed description of the work to be done being unnecessary.

Same—Changing Nature of Improvement—Power of Council.

2.    While a city council may not so change the nature of a special street improvement set forth in the resolution provided for by section 3397, Revised Codes, as to be materially and substantially different from that authorized and the cost of the same increased in proportion, work which substantially follows that outlined in the resolution, though omitting one feature of the contemplated improvement, is not open to complaint in this respect.

Same—Burden of Proof.

3.    One who charges that a contemplated municipal improvement has been materially and substantially changed by the city council from the original plan as evidenced by the resolution authorizing it, has the burden of proving the materiality of the change.

Same—Assessments—"Superficial Area" Rule—Legality.

4.    *Held*, under *McMillan v. City of Butte*, 30 Mont. 220, 76 Pac. 203, that a resolution providing that the cost of a special street improvement, comprising principal as well as side streets, should be paid for by the levy of an assessment based upon the "superficial area" rule prescribed by section 3396, Revised Codes, was not void as inequitable, in that under it owners of inside lots were required to bear the same proportion of expense as owners of corner lots of the same area, although the benefits to accrue to the former are disproportionate to those received by the latter.

*Appeal from District Court, Flathead County; J. E. Erickson, Judge.*

Action by C. M. Mansur and others against the City of Polson and others from entering into a contract or accepting any bid for the construction of certain street improvements. From an order dissolving a temporary restraining order plaintiffs appeal. Affirmed, Mr. Chief Justice Brantly dissenting.

*Mr. J. B. Densmore*, for Appellants, submitted a brief and argued the cause orally.

Section 3397 of the Revised Codes of the state of Montana authorizing the creation of special improvement districts states that when it is desired to create special improvement districts for the purposes of " * * * constructing sidewalks, sewers and gutters in any street, and council shall, among other things, in the resolution of intention, state the character of the improvements." This section contemplates a description of the walks in as great detail as the description of the sewers. A general state-

ment that concrete walks will be built is insufficient. (*City of Geneseo* v. *Brown,* 250 Ill. 165, 95 N. E. 172; *Cass* v. *People,* 166 Ill. 126, 46 N. E. 729; *People* v. *Hurford,* 167 Ill. 226, 47 N. E. 368; *Sanger* v. *City of Chicago,* 169 Ill. 286, 48 N. E. 309; *Wetmore* v. *City of Chicago,* 206 Ill. 367, 69 N. E. 234; *Lambert* v. *Cummings,* 2 Cal. App. 642, 84 Pac. 266; *Fay* v. *Reed,* 128 Cal. 357, 60 Pac. 927.)

The California Code states that the council shall pass a resolution of intention "describing the work." The Montana Code states that the council shall "state the character of the improvements." The intent of the legislature in both states is apparently identical: that the council shall inform the property owner in an intelligent manner of what they propose to do at his expense. The California court in *Lambert* v. *Cummings, supra,* said: "The owner has a right to know by the resolution of intention the nature of the work, so that he, in common with other owners, may determine whether or not he will favor the contemplated improvement or file objections thereto."

The resolution of intention is a contract. The council offers to do certain work at the expense of the property owners and asks their consent thereto. After this consent has been obtained the council have no right to alter the terms of the contract without the consent of the other party; their action in so doing renders the entire contract void. (*McBean* v. *Redick,* 96 Cal. 191, 31 Pac. 7.)

The record in this case discloses that the council subsequent to the final passage of the resolution altered and changed the contract by eliminating from the proposed work to be done the most important and material part of the street improvement —the graveling of the streets in this district. It cannot be presumed that the council at any time intends to do the work eliminated for the reason that they have deliberately repudiated that part of their contract. The proceedings thereafter are absolutely void upon the fundamental principles of the law of contracts. The present case is directly in point with *McBean* v. *Redick,* above cited.

The record discloses the fact that the corner lots in the proposed improvement district improved on two sides will bear the expense at the rate of approximately sixty-six cents per foot as compared with the expense borne by the inside lots of more than four dollars and fifty cents per foot. The benefits derived by the inside lots are disproportionate to those received by the other parcels or tracts in the district. It is not urged that the plan provided by the Code is wrong; but that the city council has in this case included the side streets, thus forcing the inside lot owner to pay for the additional improvement to the already more valuable corner lots; that it has applied to the law a scheme of improvement which the law did not contemplate and which is therefore void. The legislature intended that all property in the district should be equally benefited, and for that reason has provided the area plan and also the frontage plan; it is inconceivable that the legislature would provide two separate plans and permit one an unjust advantage over the other.

Appellants rely upon the decision of this court in *McMillan* v. *Butte,* 30 Mont. 220, 76 Pac. 203, in which it appeared and was so stated that all the property in the district was equally benefited. The facts before this court in that case showed that the city council in creating the district had applied a proper situation to the area plan law. In the present case the council has not done so. The opinion in the McMillan case amounts to a statement that if the improvements to each parcel of land are not equal, the benefits are not equal, and therefore unjust.

*Messrs. Walsh & Nolan,* and *Mr. D. F. Smith* submitted a brief in behalf of Respondents. *Mr. C. B. Nolan* argued the cause orally.

The resolution and the notice, the subject of attack, tested by the requirements of our statutes, are immune. Regarding these matters we quote as follows from Hamilton on the Law of Special Assessments, section 343: "A resolution is sufficient if it provides that the improvement shall be of a designated character and contains enough to constitute the basis for letting the contract without specifying with particularity or detail what

such improvement shall be." The supreme court of Indiana in the case of *Taber* v. *Ferguson,* 109 Ind. 227, 9 N. E. 723, declared that it was not necessary that the ordinance should contain a specific description of the character of the improvement; that it was sufficient if it gave general directions as to the character of the improvement directed by it. (See, also, Page & Jones on Taxation by Assessment, sec. 831.) A description of an improvement as a sidewalk upon the northeast side of a given street, between two other named streets, is sufficient. (*Dyer* v. *Woods,* 166 Ind. 44, 76 N. E. 624; see, also, *Shryock* v. *Hannennen,* 61 Wash. 296, 112 Pac. 377; *McLannan* v. *City of Chicago,* 218 Ill. 62, 75 N. E. 763; *Walker* v. *City of Chicago,* 202 Ill. 531, 67 N. E. 370; *Muff* v. *Cameron,* 134 Mo. App. 607, 114 S. W. 1126, 117 S. W. 116.)

It seems that the improvements will cost in the neighborhood of $14,000, and in the resolution the estimated cost was named as $10,000. The statute does not require, from its very language, that the exact cost should be specified in the resolution or in the notice. Page and Jones, discussing this matter, say: "If the statute merely requires that an estimate be made, it has been queried whether such estimate should be made by giving the gross cost of the improvement instead of giving the detailed cost of the various items thereof, but it has been finally held that in the absence of a provision requiring the detailed estimate, a gross estimate is sufficient"; and further on the authors say: "It has been said to be sufficient if the estimate gives property owners a general idea of the cost of the substantial elements of the improvement." Our statute does not contemplate accuracy in the matter of amount. It simply requires that in the notice that is published of the improvement, the estimated cost of same should be given. In some states the law expressly provides that the cost of making the improvements shall not exceed the estimate. We have no such law. It is only necessary in the public notice to state the estimated cost without requiring that the improvements contemplated shall not transcend that figure, and the difference in this case between the estimated amount and

the probable cost as shown by the testimony is not such as to render the proceedings invalid. The same authors above referred to, at section 819, say: "Under most statutes, however, there is no restriction of the amount of the final assessment and the amount of the preliminary estimate. Under such statutes the estimate is advisory merely." As bearing on this question, we refer likewise to the following cases: *Auditor General* v. *Chase,* 132 Mich. 630, 94 N. W. 179; *McChesney* v. *City of Chicago,* 188 Ill. 423, 58 N. E. 982.

Evidently the graveling of the streets referred to in the resolution and notice was omitted from the specifications as shown by the proceedings that took place at the special meeting in March. This undoubtedly was a matter of no consequence, as at the hearing no reference is made to it, and if we are to indulge in any presumption at all in reference to this matter, we are justified in assuming that it was so inconsequential as not to merit notice. This is equally true as to the conduit pipes for the wiring of the lamps. If these matters were of consequence, they would receive mention in the complaint or receive some consideration at the hearing. Undoubtedly they were of so little consequence that they were ignored. Hamilton, discussing this feature in his work on Special Assessments, section 391, says: "That a substantial compliance of the work done with that provided for in the resolution or ordinance is all that is required and the fact that some changes are made, unless they are substantial in character, in no manner affects the validity of the proceedings."

It is next contended that the method of apportionment of costs is unjust and unauthorized. Indeed, we are advised that this is the principal ground of opposition to the carrying on of the work. We find, however, that the courts hold that while inequalities may arise by the adoption of this basis of apportionment, this method of apportionment is upheld by the courts. (28 Cyc., p. 1157.) We quote from the text as follows: "Although cases can be found to the contrary, it is generally held that an apportionment of benefits according to the area of property is valid," and the author cites cases from a number of states

to sustain this doctrine.   On this matter Page and Jones say: "By some statutes it is provided that the assessment is to be apportioned upon the probable benefit according to the area of each tract.   Assessments which are apportioned in this manner are very generally upheld," and the authors then cite, in support of the text, cases from almost every state.   Argument, however, on this feature of the case is foreclosed by the decision in the case of *McMillan* v. *City of Butte,* 30 Mont. 225, 76 Pac. 203.

MR. JUSTICE SMITH delivered the opinion of the court.

This suit was brought to obtain a decree declaring a resolution of the council of the defendant city of Polson, creating a special improvement district, null and void, and to enjoin the defendants from entering into a contract or accepting any bid for the construction of the improvements contemplated by the resolution.   The appeal is from an order of the district court dissolving a temporary restraining order.   This court enjoined the defendants from proceeding, pending the appeal.

1. The first contention of the appellants is that the resolution failed to sufficiently state the character of the improvements to be made.

Section 4 of the resolution reads as follows: "That the [1] character of the improvements to be made in said district are hereby described as follows: The construction of concrete sidewalks and curbs on the east side of Kootenai avenue and the east and west sides of Third street within the boundaries of said district.   Also the east side of block 4 and along the north side of A street from Kootenai avenue east to the center line of lot 2, block 3, the north side and the south sides of B, C and D streets from Third avenue to the alley between Third street and Fourth street along the west half of the south side of block 19, and the east half of the south side of block 20 and along the north and south sides of B street from Third street west to the alley line in block 11.   The construction of a concrete cross-walk on the east side of Kootenai avenue at A street, four concrete cross-walks at the intersection of B street and Third street, four concrete cross-walks at the intersection of C street and Third

street, and four concrete cross-walks at the intersection of D street and Third street, and one concrete cross-walk on the north side of E street across Third street. Also the grading, surfacing and graveling of the roadway of Third street and Kootenai avenue and all of B, C and D streets between Third street and the alley between Third street and Fourth street and all of A street within the boundaries of said district.''

Section 3397, Revised Codes, invoked by the appellants, among other things provides that whenever it is desired to create a special improvement district for the purpose of grading, paving, curbing, macadamizing, planting trees, constructing grass plots and sowing grass seed thereon, constructing sidewalks, sewers and gutters, in any street, avenue or alley, the council shall by resolution designate the number of such district, describe the boundaries thereof, and state therein the character of the improvement or improvements which are to be made, an approximate estimate of the cost thereof and the time when the council will hear objections to its final adoption.

In the case of *Levy* v. *City of Chicago,* 113 Ill. 650, the court said: ''The statutes require the city council, when an improvement is to be made by special assessment, to pass an ordinance specifying the nature, character, locality and description of such improvements.'' It was accordingly held that an ordinance which did not meet the requirements of the statute was void. This case has been followed in *City of Sterling* v. *Galt,* 117 Ill. 11, 7 N. E. 47; *City of Kankakee* v. *Potter,* 119 Ill. 324, 10 N. E. 212; *Otis* v. *City of Chicago,* 161 Ill. 199, 43 N. E. 715; *Cass* v. *People,* 166 Ill. 126, 46 N. E. 729; *People* v. *Hurford,* 167 Ill. 226, 47 N. E. 368; *Sanger* v. *City of Chicago,* 169 Ill. 286, 48 N. E. 309; and *City of Geneseo* v. *Brown,* 250 Ill. 165, 95 N. E. 172.

In *Fay* v. *Reed,* 128 Cal. 357, 60 Pac. 927, the court held that under a statute requiring a city council, before ordering work on a street improvement, to pass a resolution of intention to do so ''describing the work,'' a resolution to improve a street by grading, curbing and for the construction of ''suitable drains and inlets at all intersecting street crossings to carry the surface

water of intersecting streets and of Market street into the main branch sewer running along said Market street,'' was fatally defective, because it failed to specify the number of drains and inlets, or the size of the drains, or the materials of which they were to be constructed, or the kind and character of the inlets. To the same general effect are the cases of *Grant* v. *Barber,* 135 Cal. 188, 67 Pac. 127, and *Lambert* v. *Cummings,* 2 Cal. App. 642, 84 Pac. 266.

These proceedings are purely statutory. The only limitation upon the power of the legislature is that the property of the citizen shall not be taken without due process of law. An opportunity to be heard must be afforded. (See *Cunningham* v. *Northwestern Improvement Co.,* 44 Mont. 180, 119 Pac. 154.) The contents of the resolution, in so far as they relate to notice of what improvements are contemplated, are for the legislature to dictate, and so long as a reasonably comprehensive notice is provided for, the courts have no power to declare it insufficient. Our statute does not require a detailed description of the work to be done, or any description, as such. We have no requirement that the ''nature, locality or description of such improvements'' shall be set forth in the resolution. All that is demanded is that the council shall designate the ''character of the improvement.'' The legislatures of sister states have seen fit to require a more detailed description of the contemplated improvement, and the courts of those states have very properly held that the council must comply with the statutory command. The fact that our lawmakers did not see fit to declare that the resolution must contain a description of the work, as is the case in Illinois and California, is good evidence that the general character of the work is all that is necessary to be given in the resolution. We think the resolution adopted by the city council of Polson was sufficient in this regard.

2. The minutes of the city council show this entry under date of March 11, 1912: ''Upon motion duly made, seconded and [2] carried, the graveling of the streets will be left out of the specifications.'' The complaint alleges that this action was taken without notice to the plaintiffs and the change was a ma-

terial one. The notice to contractors, inviting bids for the work, omits any reference to graveling the streets. It is contended on behalf of the appellants that the resolution of the council was a contract, and its action in resolving not to gravel the streets was a violation thereof which rendered it void.

On general principles, the resolution being the sole authority for the construction of a public improvement to be paid for by special assessment, the municipal authorities have no right to change the nature, locality or character of the improvement as set forth in the resolution. Where the improvement about to be constructed is materially and substantially different from that authorized by the resolution and the cost of the same is materially increased, the courts will interfere. But a substantial compliance of the work done with that provided for in the resolution is all that is necessary. (Hamilton on Law of Special Assessments, secs. 391, 392.) It is alleged that the omission to gravel [3] will be a substantial and material change from the original plan as evidenced by the resolution. There is not anything in the record, however, to prove the allegation. The change may be altogether immaterial for aught we know. It may be that the condition of the streets in question is such that but little. if any, graveling was contemplated in the first instance, and that the council afterward considered the matter of graveling of so little consequence that it resolved to omit it altogether. It was for the appellants to prove the materiality of the change in the resolution and this they failed to do. This court cannot take judicial notice of it. It is altogether possible, also, that the council may provide for graveling in separate specifications.

3. Among other provisions the resolution contained the [4] following: "That to defray the cost of said improvements an assessment shall be levied against all the assessable property within said district, and each lot or parcel of land within said district shall be assessed for that part of the whole cost which its area bears to the entire district, exclusive of streets, alleys and public places."

It is finally urged upon us that the proceedings of the council were void for the reason, in effect, that the owner of an inside

lot will be obliged to bear the same proportion of expense for improvements on side streets adjacent to a corner lot of the same area as would the owner of the corner lot, and it is said that the benefits to the inside lot owner are disproportionate to those received by owners of other lots in the district. Section 3396, Revised Codes, provides that whenever the council desires to make improvements and extend the payments for the same over a period of three years, it shall enact by ordinance that the entire expense of all improvements within each special improvement district, including cost of street and alley intersections, shall be paid by the entire district, each lot or parcel of land within such district to be assessed for that part of the whole cost which its area bears to the area of the entire district, exclusive of streets, alleys and public places. It will thus be seen that the plan of assessment pursued by the city council of Polson was strictly in accord with the statute. The learned counsel who argued the cause for the appellants states in his brief that it is not insisted that the plan provided by the Code is wrong, "but that the city council has in this case included the side streets, thus forcing the inside lot owner to pay for the additional improvement to the already more valuable corner lots; that it has applied a scheme of improvement which the law did not contemplate and which is therefore void." It is undoubtedly true that hardship to individuals is sometimes involved in applying the hard-and-fast rule of the statute to particular cases. It is likewise true that some scheme of assessment must necessarily be enforced to pay for special improvements. The legislature in its wisdom has adopted the "superficial area" rule. This court in *McMillan* v. *City of Butte,* 30 Mont. 220, 76 Pac. 203, declared that this rule amounts to a legislative declaration that all property in a proposed district is, presumptively, equally benefited by the improvement. That case settled the law in this state as to the legality of the rule, and although the lots there in question were somewhat differently located with reference to the proposed improvement than are those of the appellants, nevertheless the law permits the respondent city council to proceed ex-

actly as it did. We find nothing in principle to distinguish this case from that of *McMillan* v. *City of Butte, supra.*

The order is affirmed and the restraining order heretofore issued by this court is dissolved.

*Affirmed.*

MR. JUSTICE HOLLOWAY concurs.

MR. CHIEF JUSTICE BRANTLY: I do not concur in the result reached by my associates in this case.

1. It is true that the proceedings are statutory and that the only limitation imposed upon the power of the legislature is that the property of the citizen shall not be taken without due process of law, that is, after notice and an opportunity to be heard. The requirement as to notice, if it means anything, means that the lot owner must have such notice of what the city council intends to do as will enable him, within the very brief time allowed for that purpose, to make up his mind whether he will submit to the imposition which is about to be laid upon him in order to effect the kind of improvement contemplated, or will appear and object. The statute requires the resolution to state the ''character of the improvement or improvements which are to be made, an approximate estimate of the cost thereof, and the time when the city council will hear objections to its final adoption.'' The term ''character'' is perhaps the most general that could have been employed. Even so, it must be assigned such a meaning as will effectuate the purpose had in view, *viz.,* that the improvement be so described by a statement of the dimensions, materials, *etc.,* that the lot owner may determine whether he will acquiesce, and thus consent, or appear at the appointed time and seek to arrest further proceedings. He ought not to be compelled to suffer the inconvenience incident to leaving his business to seek, and make inquiry of, members of the council or of the officer or officers who will have charge of the contemplated improvement. It is entirely possible that in a given case such inquiry would be futile, because definite information could not be obtained from any one of these officers. Indeed, this was the case here; for the record shows that the city engi-

neer did not submit an estimate of the cost of the improvements or prepare plans and specifications until after the time for making objections had passed by. Such estimate as had theretofore been made had been made by the street committee.

The statutes of the different states differ widely as to the character of the information the notice must contain; but even in those jurisdictions in which the most general terms are employed, the courts have declared that the contemplated improvement must be so described in the notice or resolution, as the case may be, that the lot owner may gather from it such information as to dimensions, quality and materials as will enable him to make definite objection if he chooses to do so. (*Kirksville* v. *Coleman*, 103 Mo. App. 215, 77 S. W. 120; *Ladd* v. *Spencer*, 23 Or. 193, 31 Pac. 474; *Schwiesau* v. *Mahon*, 128 Cal. 114, 60 Pac. 683.)

2. The record shows that after the final adoption of the resolution the council eliminated from the specifications the graveling of the streets, thus changing the character of the improvement. In my opinion, this was *prima facie* a substantial departure from the plan and extent of the improvements proposed in the resolution, and the burden was upon the defendants to show the contrary, if such was the fact. As I read the record, the result was to omit this part of the improvement altogether and not to leave it to be included in separate specifications.

For these reasons I think the resolution insufficient to give the council jurisdiction, and that the plaintiffs are entitled to relief.

Petition for rehearing pending.