THE CITY OF GENESEO, Appellee, *vs.* JULIUS SCHULTZ *et al.* Appellants.

*Opinion filed February 20, 1913.*

1. SPECIAL ASSESSMENTS—*new assessment may be levied if the original ordinance is merely defective.* If the ordinance under which a special assessment or special tax is levied is merely defective and not void a new assessment or tax may be levied to pay for the work.

2. SAME—*supplemental ordinance need not give as detailed a description of work as original ordinance.* After the work on a local improvement has been completed a supplemental ordinance for a new assessment against certain property need not contain as detailed a description of the work as is required in the original ordinance.

3. SAME—*slight changes in improvement in course of construction do not defeat assessment.* Departures from the ordinance in the construction of a local improvement do not defeat the assessment, where the changes are not substantial and are not shown to have made the improvement less valuable to all the property than it would have been had no changes been made.

4. SAME—*what is not a valid objection to the assessment.* The fact that "Missouri chat or blue-stone" was used in the top coat of a pavement instead of "Missouri limestone screenings," as specified in the ordinance, does not furnish a valid objection to the assessment, where the proof shows that the substitution made the top coat better and more durable.

257 — 18

5. Same—*supplemental assessment need not be divided into installments, as original was.* It is not a valid objection to a supplemental assessment for completed work that said assessment is to be collected in one installment whereas the original assessment was divided into several installments.

6. Same—*matter of qualification of witnesses upon subject of benefits is largely within discretion of court.* The matter of the qualification of witnesses to testify upon the subject of benefits in a special assessment proceeding is largely within the discretion of the trial court, and it is not necessarily an abuse of such discretion to permit a bank cashier to testify, even though he has never bought or sold any property on the particular street, where he testifies that he thinks he knows the fair value of property along such street.

7. Same—*what is not a proper method of proving the benefits.* Where a certain piece of property has been sold between the time of the original paving assessment and the supplemental assessment for the completed work, the benefits to such piece of property can not be proved by a statement of the purchaser to seller that he did not think the improvement benefited the property more than $150.

Appeal from the Circuit Court of Henry county; the Hon. Emery C. Graves, Judge, presiding.

Harry E. Brown, and Bartlett S. Gray, for appellants.

Henry Waterman, for appellee.

Mr. Justice Carter delivered the opinion of the court:

This is an appeal from the judgment of the circuit court of Henry county, on a change of venue from the county court, confirming, after a jury trial, a special tax, under a supplemental ordinance, on the property of appellants for paving with brick Exchange street in front of said property, in the city of Geneseo, in said county.

A judgment entered in the county court of Henry county against this property, under the original ordinance, for making this improvement was reversed in this court in *City of Geneseo v. Brown,* 250 Ill. 165, because the de-

scription of the drains and catch-basins was so uncertain and indefinite as to render that portion of the ordinance invalid. It is most earnestly insisted that this court in that case held the ordinance void, and that therefore the supplemental assessment to pay for the work cannot be levied under the Local Improvement act. In repeated decisions this court has held that if an ordinance under which an improvement is made is not a nullity but is merely defective or insufficient a new assessment can be levied. (*City of Lincoln* v. *Harts,* 256 Ill. 253, and cases there cited.) It is clear, not only from the wording of the opinion in the former case but from the character of the defect in that ordinance pointed out, that it was not intended to hold the original ordinance void but merely defective in its description as to that part of the work. That ordinance furnishes a proper basis for this proceeding.

It is next argued that the ordinance in this case does not sufficiently describe the improvement. Pending the appeal in the former case the city authorities chose to complete the improvement in accordance with the provisions of the Local Improvement act. The supplemental ordinance was filed in the county court after the work was completed and accepted, as provided by that act. This supplemental ordinance gave a brief history of the former proceedings, stating that the original ordinance had been held insufficient and defective and that said work had been done in good faith in compliance with the terms of said ordinance, and that a special tax should be levied against the lots and parcels of land as to which judgment of confirmation had been reversed by this court. After work has been completed by the public authorities a supplemental ordinance need not give as detailed a description of the completed improvement as is required in the original ordinance. (*Markley* v. *City of Chicago,* 190 Ill. 276.) The description of the improvement in this supplemental ordinance came within the rules laid down by this court for such proceed-

ings. *City of Chicago* v. *Hulbert,* 205 Ill. 346; *City of Chicago* v. *Sherman,* 212 id. 498; *City of Chicago* v. *Gage,* 232 id. 169.

It is further contended that the improvement as completed was different from that described in the original ordinance in several particulars, viz., as to the grade at a certain part of the street; as to leaving out portions of the curbing; as to an extra catch-basin; as to the width of the pavement on certain portions of the street; as to the kind of brick used, and as to the finish coat of the curb-stone. This improvement is several blocks in length. The width of the roadway under this ordinance varies in the different blocks. This provision was held not to render the ordinance invalid when the case was here before. (*City of Geneseo* v. *Brown, supra.*) One of the objectors in the former proceeding, John J. Guild, owned an elevator fronting on this improvement and a weighing scales located partly in the street. He also filed objections to this supplemental assessment in the trial court but did not join in this appeal. It appeared from his testimony in this case and from that of certain witnesses who had charge of the work for the city, that when they were putting down the improvement Guild urged that if they placed the pavement at the exact grade required by the ordinance it would destroy the usefulness of his scales abutting on this street, and requested that the grade be varied so as not to require him to move the scales. This was consented to by the city authorities, and the grade varied on the block in front of his property, in various sections of the street, from one to ten inches. There is no testimony indicating that this in any way affected the value of the improvement for any of the property assessed or to the general public. He also stated that it would be of great benefit to him if the curb were omitted from certain portions of the street in front of his property. The same request as to the curbing was made by several other property owners along the line of

the improvement. In compliance with these requests portions of the curb were left out in order to give easier access to the various properties. As a result of changing the grade of the street in front of Guild's scales the city authorities thought it was necessary to put in an additional catch-basin. The expense of this catch-basin is not definitely shown on this hearing, but it was a very small item. Without passing on the question as to whether the acceptance of this improvement by the city foreclosed the raising of appellants' objection that the improvement does not conform to the ordinance, we deem it sufficient to say that the differences in construction from what was required in the original ordinance are slight. This court has frequently held that if the improvement as constructed complies substantially with the original ordinance, that is all that is required. (*People* v. *Church*, 192 Ill. 302, and cases cited; *People* v. *Bridgeman*, 218 id. 568.) In *City of Chicago* v. *Sherman, supra,* the evidence showed that a five-inch curbstone was put in instead of a six-inch one, as required by the original ordinance, and that the materials used in making said curb-stone were not exactly as required by the ordinance. The objection of the property owners on that point was held without merit. It was not attempted to be shown on this hearing that the improvement, because of these slight changes, was not in every way as valuable to all parties as it would have been had it strictly conformed to the terms of the ordinance.

It appears from this record that about the same time it was putting down this improvement the city was also paving State street, and at the intersection of said two streets the pavement on one side of Exchange street was to be wider than on the other side. The testimony of one of the inspectors for the city, as we understand it, was to the effect that the pavement on Exchange street at this point was wider than that required by the original ordinance in this proceeding, but it is also clear from his testimony that

only that part of the pavement at this intersection was put down under this ordinance that was permitted and required thereby.

The only evidence by the objectors as to the character of the brick was given by one witness. Several witnesses testified for the city. Without question, the witnesses who testified for the city that the brick met the requirements of the original ordinance were fully as well qualified by experience as the one witness who testified for the objectors. We think the great weight of the evidence is that the brick met the requirements of the original ordinance.

The curb-stones were concrete. The ordinance required that the top or roadway surface of the curb-stones should be finished with two parts of Portland cement mixed with three parts of "Missouri limestone screenings of the best quality or other screenings of as good quality." It appears from the evidence that this top coat was made of Portland cement and "Missouri chat or blue-stone" instead of Missouri limestone screenings, but the evidence clearly shows that this made the top coat more durable and better for the purpose than if Missouri limestone screenings were employed. There is no merit in this objection. *Jacksonville Railway Co.* v. *City of Jacksonville,* 114 Ill. 562; *Latham* v. *Village of Wilmette,* 168 id. 153.

The further objection is made that the original assessment was divided into several installments while the supplemental assessment is to be collected in one installment. This court has held that such objection is untenable. *Conway* v. *City of Chicago,* 219 Ill. 295; *Goodrich* v. *City of Chicago,* 218 id. 18.

During the trial of the case before the jury on the question of benefits various objections were raised as to the admission of testimony. Several of the witnesses for the city testified, on cross-examination, in answer to questions asked by counsel for the objectors, that they based their answers as to the benefit of the improvement to the prop-

erty objected for, on the cost of the improvement. It was
then insisted, on motion that the evidence be stricken from
the record, that these witnesses were incompetent. The
motion to strike was overruled. From a reading of the
testimony of these witnesses it is evident that they were, in
part at least, led into making these statements by the nature
of the questions of counsel. Reading their entire evidence
together, it is clear that they based their testimony as to
benefits on the increased value of the property from this
pavement, and that the court ruled properly in permitting
it to remain in the record for consideration by the jury
for what it was worth. We do not think the jury were
misled thereby. In this connection it is further objected
that some of these witnesses were not qualified to testify, as
they were not familiar, personally, with the values of the
property on the street. As an illustration, one witness was
cashier of one of the local banks, and while he had never
bought and sold property on that street or in the immediate
neighborhood, he testified he thought he knew the fair value
of the property along the street. The question of the quali-
fication of witnesses as to the value of property rests very
largely in the discretion of the trial court. We do not
think the court erred in its ruling on this question.

It is further insisted that the court, during the hearing
before the jury, made remarks prejudicial to the appellants.
Certain of these remarks grew out of a discussion between
the counsel for appellants and the court as to whether this
improvement was the same as that required by the original
ordinance. The jury had nothing to do with that question,
and therefore we cannot see how the remarks objected to
could have prejudiced appellants. Another of the remarks
of the court grew out of the discussion between counsel
and the court over a question asked of a witness as to
the benefit of the improvement to the property in question.
This question was, in its nature, hypothetical, and was ob-
jected to as not based on the evidence in the record. It

appears that between the time of the passage of the original ordinance and supplemental ordinance the property here objected for had been sold; that the purchasers had stated that they had told the seller they did not think the improvement benefited the property more than $150. The hypothetical question here objected to stated that the property was not benefited more than $150, and based that element of the question upon this testimony of the purchasers. The benefit of the improvement to this property could not be proved in that way. The objection to the question was properly sustained, and the remarks of the court were not prejudicial.

The further objection is made that the evidence does not show the property was benefited the amount it was assessed. From the evidence in the record we are satisfied the jury were justified in their verdict on this point.

It is further objected that the instructions for the city did not specifically define what was meant by special benefits. If this was prejudicial appellants are in no condition to raise the question, as several of their instructions were defective in the same particular. Furthermore, certain of the given instructions for appellants did define special benefits, and no instructions were refused for the appellants on this question.

Several other objections are raised on what we deem minor or technical matters. It would too greatly extend this opinion to attempt to refer to them in detail. We deem it sufficient to say that we have examined them and are of the opinion that no reversible error was committed with reference to any of them.

The judgment of the circuit court must be affirmed.

*Judgment affirmed.*