(No. 14959.—Reversed and remanded.)
THE CITY OF BLOOMINGTON, Appellee, *vs.* DAVID DAVIS
*et al.* Appellants.

*Opinion filed June 20, 1923.*

SPECIAL ASSESSMENTS—*when a paving ordinance is invalid.* An ordinance for a local improvement, to be paid by special assessment, must specify the nature, character and locality of the improvement; and an ordinance for the paving of a street which provides for drains connecting certain inlets "with the public sewer," without stating the length and depth of the drains or locating the sewer or the inlets, does not sufficiently describe said portion of the improvement and must be held invalid when objections are raised to the confirmation of the assessment.

APPEAL from the County Court of McLean county; the Hon. WILLIAM C. RADLIFF, Judge, presiding.

T. C. KERRICK, and W. B. LEACH, for appellants.

RICHARD M. O'CONNELL, Corporation Counsel, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellants filed numerous objections in the county court of McLean county to the confirmation of a special assessment for the paving of a street in the city of Bloomington. The objections were overruled, and appellants having withdrawn their objection as to benefits the assessment was confirmed.

Though numerous objections were urged, it is not necessary to consider them all.

One objection is that the ordinance providing for five cast-iron sewer inlets, which shall be set flush with the face of the curb and gutter, "said inlets shall be connected with the public sewer by means of twelve-inch vitrified clay sewer pipe," does not sufficiently describe the location of

that portion of the improvement. The ordinance also provides that the inlets shall connect with the sewer at the man-holes therein, and that the sewer pipe connecting these inlets with the public sewer shall be laid on a uniform grade and not less than a quarter-inch fall for each foot of length from the point of the beginning to the connection with the sewer. The length and depth of the drains are not specified, and there is no reference to the sewer to which they are to be connected, further than designating it as "the public sewer." Appellee contends that by an examination of the plat filed with the ordinance the location of the sewer and the man-holes can be ascertained so as to make the description of this portion of the improvement sufficiently accurate. An examination of the plat, however, discloses nothing therein designated as inlets or man-holes, and there is no proof in the record explaining the plat. There is a small circle drawn upon the plat at the conjunction of what is known as Market street and Towanda avenue, on which latter street the improvement is laid, and there are also some heavy marks in what appear to be the curb lines of the proposed improvement, but there is nothing in the plat to indicate that these are inlets or man-holes or what they are. There is nothing showing the location of the sewer and no evidence to show whether there is a sewer on that street. The ordinance refers to man-holes, and the plat shows only one figure that might be taken for a man-hole, and there is no proof as to what that figure is to represent.

An improvement ordinance very similar to this one was before this court in *City of Geneseo* v. *Brown,* 250 Ill. 165. It provided for the construction of certain catch-basins and their connection "by the most direct route to public sewers by mains," etc. It was there held that this was not a sufficient description for the reason that the length and depth of the drains were not mentioned in the ordinance, and there was no reference to the sewer to which they were to be connected from which it could be determined where the

sewers were located or the length of the drains from the catch-basins to the sewer.   Such is true in the case at bar. The court cannot take judicial notice of the location of a sewer, and there is nothing in the record to show that one exists on Towanda avenue.   The ordinance provides for but one man-hole, to be located at Market street and Towanda avenue.   If the heavy marks found on the margin of the plat of the improvement are to be considered as designating the five inlets, (and there is nothing else upon which even a conjecture could be based,) the only man-hole, if any, to which these five inlets are to be led is at Market street and Towanda avenue.   Assuming such marks are to indicate inlets, as argued by counsel, it will be impossible to connect two of these inlets with the one man-hole provided in the ordinance, for the reason that, as shown by the grade line appearing on the plat, the fall in the grade from the corner of Market street and Towanda avenue north to the point where two of the so-called inlets are marked amounts to seven feet in a distance of about 280 feet.   The man-holes are, according to the ordinance, to be four and three-quarters feet below the surface, making it impossible to connect these so-called inlets with the only man-hole provided for.   There is nothing in the ordinance to show whether or not the line connecting these inlets with the one man-hole provided for is to be of a length of 280 feet, or whether there is a sewer in Towanda avenue directly opposite the so-called inlets.   Reference to these inlets has been made in this opinion for the purpose of showing that even granting the argument of counsel for the appellee that the plat shows where the inlets are, the ordinance cannot be sustained because of want of sufficient description of the improvement to comply with the statute.   The ordinance must specify the nature, character and locality of the improvement.   *Sanger* v. *City of Chicago,* 169 Ill. 286; *Wetmore* v. *City of Chicago,* 206 id. 367; *City of Geneseo* v. *Brown, supra.*

The ordinance being invalid for the reason stated, it is unnecessary to discuss other objections to it.

The judgment of the county court is reversed and the cause remanded to that court, with directions to sustain the objections of appellants.

*Reversed and remanded, with directions.*