In re Petition of WRAY MERLE EVANS.

No. 12109.
Decided September 22, 1971.
488 P.2d 906.

MEMO OPINION

PER CURIAM:

Petitioner was convicted of second degree burglary by a jury in the District Court of Park County.

Petitioner's conviction and that of his codefendant Jack Martin Peterson was affirmed by this Court in State v. Evans and Peterson, 154 Mont. 61, 460 P.2d 262. On that appeal it was contended that the evidence was insufficient to support the

conviction. We found this contention to be without merit and affirmed the conviction.

Subsequently a petition by petitioner's codefendant for post-conviction relief, urging the denial of the Fourteenth Amendment's right to effective representation of counsel, was denied. See In re Petition of Peterson, 155 Mont. 239, 467 P.2d 281. Peterson then proceeded in the United States District Court for the District of Montana, Butte Division, which held in its opinion and order #1892 that at the point of the trial when a witness, Davis, who had come upon the scene and found petitioner Evans hiding behind a shop testified that:

"Q. What did you and Mr. Evans do? A. Well, I told him to get his partner and we would go out to the car there. And he says, what partner? He says, I don't know anything. I said, I know there is another fellow along because I can see his tracks leading to the cow shed. He says, well, I don't know anything, I am just riding along. He said this fellow that he was with broke some horses up the creek here and the fellow wouldn't pay him and he was after the saddles."

The federal court felt that this testimony developed a conflict of interest requiring Peterson to have the benefit of independent counsel.

Because Peterson should have the benefit of independent counsel for the purpose of cross-examination and determining the procedure to be followed, it does not follow as a corollary that Evans was likewise required to have independent counsel.

Evans' admission did not require cross-examination. In Wigmore on Evidence, § 1048(1) (a), and (2), it states:

"Thus, in effect and broadly, *anything said by the party-opponent may be used against him as an admission,* provided it exhibits the quality of inconsistency with the facts now asserted by him in pleadings or in testimony. (This proviso never needs to be enforced, because no party offers this his opponent's statement unless it does appear to be inconsistent.)

"(2) But, regarded from the point of view of the *legal rules of Admissibility,* the party's extrajudicial statements, like

all other extrajudicial statements, are met and challenged by the Hearsay rule (*post,* § 1361). How is it, then (since they are nevertheless admissible against the party-opponent), that they are able to pass the gauntlet of the Hearsay rule when they are offered *for* him (unless they can satisfy some exception to that rule); but that they do pass the gauntlet when they are offered *against* him as opponent, because he himself is in that case the only one to invoke the Hearsay rule and because he *does not need to cross-examine himself."*

It is apparent then that any resulting conflict of interest is predicated upon the testimony being inadmissible or excludable at the discretion of defense counsel; such is not the case as to Evans.

The statement was properly admissible as to Evans, it was a part of the res gestae, an admission and separate counsel would have been of no avail.

The claim then is without merit. The relief sought is denied and the proceeding is dismissed.