No. 12458

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

THE STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

MICHAEL BRAXTER JEFFREY and
LAWRENCE LEE DUNCAN,

Defendants and Appellants.

---

Appeal from: District Court of the Eleventh Judicial District,
Honorable Robert Keller, Judge presiding.

Counsel of Record:

For Appellants:

Sandall, Moses and Cavan, Billings, Montana
Ralph Wright argued, Billings, Montana
Joseph F. Daley appeared, Kalispell, Montana

For Respondent:

Hon. Robert L. Woodahl, Attorney General, Helena,
Montana
J. C. Weingartner, Assistant Attorney General, argued,
Helena, Montana
H. James Oleson argued, County Attorney, Kalispell,
Montana.

---

Submitted: September 28, 1973

Decided OCT 3 1 1973

Filed: OCT 3 1 1973

Thomas J. Kearney
                                          Clerk

Hon. R. D. McPhillips, District Judge, sitting in place of Mr. Justice John Conway Harrison, delivered the Opinion of the Court.

This is an appeal by each of the defendants, Lawrence Lee Duncan and Michael Braxter Jeffrey, hereinafter referred to as Duncan and Jeffrey individually or as defendants collectively, from convictions for the crime of rape in the district court of the eleventh judicial district, in and for the County of Flathead.

In this case, four informations were filed against the two defendants.

Jeffrey was charged in one information with four counts of rape against a 17 year old single female. Two of these counts alleging forcible rape were dismissed by the State at the time of trial.

In the second information filed against Jeffrey there were two counts of rape and two counts of crime against nature, one involving fellatio and the other sodomy, allegedly committed against a 15 year old single female. One of the counts, with respect to forcible rape, was dismissed prior to trial.

Duncan was charged in one information with two counts of rape against the 17 year old. One of the counts, for forcible rape, was dismissed prior to trial.

In the other information Duncan was charged, as it related to the 15 year old, with two counts of rape, and one count of crime against nature. The forcible rape count was dismissed prior to trial.

At the time of trial all of the rape counts against defendants were in the nature of what is commonly referred to as statutory rape.

All of the alleged acts culminating in the above described charges were alleged to have taken place at the same time and place, namely, July 17, 1972, at Flathead County, Montana.

There is nothing to be gained in reciting all of the sordid details involved in this cause. It is sufficient that we set forth that the two minor girls were picked up while hitchhiking near Whitefish, Montana by the defendants. They were taken in a pickup truck by defendants to a point west of Kalispell. It was at this time and place that the acts complained of in the informations took place. The girls testified that the acts of rape took place with each of them by each of the defendants. Each of the defendants testified that individually they did not have intercourse with either of the girls, and that each positively knew that the other did not have intercourse with either of the girls.

Obviously the jury did not believe all of defendants' story and found each of them guilty of one count of rape.

Defendants were acquitted on the other charges of rape and crime against nature.

The four informations mentioned above were consolidated for trial without objection and both defendants were tried together. Each of the defendants retained the same counsel to represent them during trial.

Neither the sufficiency of the evidence nor the conduct of the trial itself is before the Court here on appeal. Defendants list two specifications of error:

1. Were the defendants in this consolidated case denied effective counsel in violation of the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States?

2. Whether the crime against nature is unconstitutional as being so vague, ambiguous, and uncertain that it cannot be effectively charged or prosecuted?

Defendants, in discussing the first specification of error, would have this Court adopt a different rule than that which has

been heretofore adopted and followed as it relates to the effectiveness of counsel in representing two or more defendants in a criminal case growing out of the same set of facts. It is the apparent contention of defendants that this Court must and should adopt what has been called the "per se" theory. See Campbell v. United States, 352 F.2d 359 (1965); Lollar v. United States, 376 F.2d 243 (1967); and Ford v. United States, 379 F.2d 123 (1967). Under this theory it is a matter of law that one attorney may represent multiple defendants if, and only if, (1) the trial judge warns the defendants, prior to trial, of a possible conflict of interest, and (2) the court makes an affirmative determination that the waiver and election is intelligent and was not dictated by indigence or the unawareness of the availability of court appointed counsel. This theory holds that absent such advice and intelligent waiver on the record the burden shifts to the prosecution to show beyond a reasonable doubt that such joint representation did not prejudicially impair the accuseds' Sixth Amendment right to effective assistance of counsel. This theory has not been adopted by the United States Supreme Court and is not the rule within the Federal system in this circuit. See Kruchten v. Eyman, 406 F.2d 304, 311 (1969).

The alternative theory could be called the "conflict of interest" theory. This theory is well described and set forth in Kruchten where it states:

> "In considering the legal aspects of the conflict of interest claim, we start with the premise that if a conflict of interest actually exists the courts will not weigh or determine the degree of prejudice which may result before granting relief. Glasser v. United States, 315 U.S. 60, 75-76, 62 S.Ct. 457, 86 L.Ed. 680 (1942). However, until an actual conflict is shown to exist or can be reasonably foreseen an attorney may, in good faith, represent both defendants. (Emphasis supplied).

> "This court, in Lugo v. United States, 350 F.2d 858, 859, said:

- 4 -

"'All the cases cited to us by appellant involved obvious conflicts of interest, and while we cannot indulge in nice calculations about the amount of prejudice which results from a conflict of interest [Glasser, supra], neither can we create a conflict of interest out of mere conjecture as to what might have been shown.'

"In Juvera v. United States, 378 F.2d 433, 437 (9 C.A. 1967), this Court stated:

"'It is argued that it was essential that the trial judge at the commencement of the trial discuss with the defendants the problems relating to representation of the several defendants by one counsel, pointing out to them the disadvantage that might arise should there be conflicting interests to be represented by the attorney. We find this contention without merit for the reasons recently noted by us in Lugo v. United States, 9 Cir., 350 F.2d 858.'"

Also see Lollar v. United States, 376 F.2d 243; Lugo v. United States, 350 F.2d 858 (1965); United States v. Lovano, 420 F.2d 769, 773, Cert. Den. 397 U.S. 1071 (2nd Cir. 1970).

In Lovano, the appellant and his codefendant were represented by the same counsel. Appellant maintained that this dual representation created, per se, a conflict of interest which seriously prejudiced his case. The court there said:

"The rule in this circuit is that some specific instance of prejudice, some real conflict of interest, resulting from a joint representation must be shown to exist before it can be said that an appellant has been denied the effective assistance of counsel. (Citing cases)."

Also see Fryar v. United States, 404 F.2d 1071 (1968).

Under the "per se" theory any dual representation that does not meet the standards set forth above would by itself be violative of constitutional guarantee; while the other theory requires that there be a showing of a conflict of interest to the prejudice of the accused, and that this conflict must be more than mere conjecture as to what might have been shown.

We have heretofore adopted the conflict of interest theory. In State v. Meidinger, ____Mont.____, 502 P.2d 58, 66, 29 St.Rep. 861, we said:

- 5 -

" * * * The whole problem directs itself ultimately on appeal to the adequacy or inadequacy of defense counsel and in the eyes of this Court such adequacy or inadequacy of counsel should not be tested by the greater sophistication of appellate counsel who did not try the case, nor should the test be made on the basis of applying different defense tactics, perhaps of doubtful efficiency, after leisurely studying the transcript of the trial. To make success the only test of effective counsel would be an injustice to many able counsel, for frequently the ablest of counsel is overcome by truth.

" * * *

" * * * Likewise we feel, under the facts before us, that where two defendants desire to retain one counsel their decision should be honored. Too, that later, when on hindsight after conviction, they should not be allowed to change that decision by alleging on appeal the inadequacy of their chosen counsel, especially when raised for the first time on appeal."

The fact situation here is exactly as it was in Meidinger. These defendants were tried together. Both hired and retained the same counsel to represent them in all preliminary matters and at trial. Counsel was not appointed, or imposed upon either of them -- he was retained by the defendants. Prior to this appeal neither of the defendants had claimed he was denied effective counsel, but now, after conviction, they each contend that since they were represented by the same counsel they each were denied their right to effective counsel.

Beyond propounding the "per se" theory defendants do not claim there was any actual prejudice in fact. They do speculate and attempt to create a conflict of interest through conjecture as to what might have been shown. Such "apparent conflict of interest" must be shown from the record. We have diligently searched the record that defendants have brought before us. We can find no actual or apparent conflict of interest. Even to speculate in the light most favorable to defendants does not lead us to believe any rights belonging to these defendants were prejudiced. A conflict of interest must be shown to exist before any defendant can effectively claim that he was denied effective counsel.

- 6 -

This actually was a simple and straightforward case. The two young girls told their story without any material conflict between them. Each of the defendants voluntarily took the stand and confirmed the girls' story in all matters, except they each categorically and specifically denied that any unlawful sex acts took place whatsoever as it related to themselves individually and to each codefendant.

There were two previous cases before this Court concerning effectiveness of counsel, (In re Petition of Peterson, 155 Mont. 239, 467 P.2d 281; and In re Petition of Evans, 158 Mont. 76, 488 P.2d 906) which were overturned by the Federal courts. Defendants endeavor to make much of this. This cause and fact situation is completely different. There, the Federal court found a conflict of interest, i.e., a statement by Evans that implicated the codefendant Peterson. This was the factor which clearly distinguishes the instant case from Peterson and Evans. No such statements or facts are contained in this record. No conflict of interest, apparent or otherwise, is shown or can even fairly be alluded to.

As we have heretofore stated we do not adopt the requirements of the "per se" theory. However, we do suggest that in cases wherein defendants seek dual or multiple representation by single counsel the district courts would be wise to fully inquire, on the record, as to whether or not the accused have made an intelligent decision, and as to whether such defendants are aware of the availability or assigned counsel if they are indigent. But a failure to follow this suggestion is not by itself a reversable error.

Defendants in their second specification of error attack the constitutionality of section 94-4118, R.C.M. 1947. This statute states:

"Every person who is guilty of the infamous
crime against nature, committed with mankind
or with any animal, is punishable by imprison-
ment in the state prison not less than five
years."

Each of the defendants, Duncan and Jeffrey, was charged
by separate information with violating the prohibitions of this
statute.  Each of the defendants, Duncan and Jeffrey, was ac-
quitted upon trial by jury.

Since each was acquitted neither of the defendants has
standing in this cause to contest the constitutionality of sec-
tion 94-4118, R.C.M. 1947.  This Court has no intention or
desire to speculate or determine as to the validity or constitu-
tionality of any statute or issue that is not properly before the
Court.  Neither of the defendants stand now charged nor can either
of them ever again be prosecuted under this statute for the acts
charged in the information filed below.  The matter is moot.

For the above reasons the judgment of conviction as to
each of the defendants is affirmed.

_____
Hon. R. D. McPhillips, District Judge,
sitting in place of Mr. Justice John
Conway Harrison.

We concur:

_____
Chief Justice

_____

_____

_____
Justices

- 8 -