STATE OF MONTANA, PLAINTIFF AND RESPONDENT, *v.* BAR-
BARA LEE HENRY, DEFENDANT AND APPELLANT.

No. 14084.
Submitted June 14, 1978.
Decided July 19, 1978.
Rehearing Denied Aug. 10, 1978.
582 P.2d 321.

Morrison, Ettien & Barron, Havre (Robert D. Morrison argued), for defendant and appellant.

Mike Greely, Atty. Gen., Helena, Sheri Sprigg argued, Asst. Atty. Gen., Helena, Ronald W. Smith, County Atty., Havre, David G. Rice argued, Havre, for plaintiff and respondent.

MR. JUSTICE HARRISON delivered the opinion of the Court.

This appeal results from a post-conviction hearing wherein the Honorable Bernard W. Thomas denied defendant, Barbara Lee Henry, a reduction in her sentence of five years.

Defendant, together with one Larry Wynia, were jointly charged by Information dated April 28, 1977, with two felony counts: Count I charged criminal possession of dangerous drugs; and Count II charged criminal possession with intent to sell.

On May 27, 1977, both defendants, upon the advice of court appointed counsel and pursuant to a plea bargaining agreement, entered pleas of guilty to Count I. Count II was thereafter dismissed.

On July 6, 1977, the District Court, Hill County, ordered a deferred imposition of sentence upon defendant Wynia for a period of three years and a maximum five year sentence upon defendant Henry, appellant herein.

Appellant filed a petition for post-conviction relief on August 15, 1977, and a hearing was held thereon on September 1, 1977. On October 28, 1977, the District Court entered its findings of fact, conclusions of law and order, denying said petition. From this order appellant brings the instant appeal.

A stay of execution of sentence was granted by the District Court pending the outcome of the appeal, and appellant was subsequently released on bail.

On April 28, 1977, appellant Barbara Lee Henry and Larry Fredrick Wynia were jointly charged with two felony counts of criminal possession of dangerous drugs and possession of danger-

ous drugs with intent to sell. Count I charged possession of marijuana in an amount greater than 60 grams and one gram of hashish. Count II charged criminal possession of marijuana or hashish in excess of one kilogram, with intent to sell.

John Warner was appointed by the District Court as counsel for defendants. On May 11, 1977, defendants appeared with counsel and each entered a plea of not guilty to Count I and filed motions to dismiss Count II. As a result of plea bargaining, both defendants advised the District Court that they understood the State would not oppose their motion to dismiss Count II if they entered pleas of guilty to Count I. Each indicated they understood that in so doing they would become subject to receiving sentences of up to five years in the state prison.

On May 27, 1977, both defendants withdrew their pleas of not guilty and entered pleas of guilty to Count I. Count II was subsequently dismissed.

Following a presentence investigation, on July 1, 1977, both defendants appeared with counsel for pronouncement of judgment and sentence, at which time defendants made statements to the court on their behalf.

From this testimony, it appears that defendants were living together prior to and at the time of the offense. Each indicated the intention to marry the other. Appellant, 29 years of age at the time of the offense, stated she had been widowed at an early age and had become a user of alcohol to excess. She indicated that her small used furniture and antique store had not been producing much money and when approached by large-scale drug dealers, she agreed to distribute drugs in her locality. She admitted using drugs to a minor extent to rid herself of her alcohol problem, and she testified that defendant Wynia was not involved with the drug distribution. The drug dealership itself was rather large, as the search made at the time of the arrest yielded a quantity of LSD and amphetamine tablets in addition to a considerable amount of marijuana and hashish.

Defendant Wynia, 19 years of age at the time of the offense,

stated he had no knowledge of the appellant's involvement in drug trafficking, which statement was generally corroborated by appellant.

Following reception of testimony, the District Court deferred the imposition of sentence upon defendant Wynia as noted above, placing him on parole subject to certain conditions, including service of 30 days in the Hill County jail, thus affording him the benefit of the presumption of entitlement to a deferred sentence contained in section 54-133(5), R.C.M.1947. Appellant was sentenced to five years in the state prison, the statutory maximum.

Following imposition of sentence, appellant retained her present counsel and filed the petition for post-conviction relief, the denial of which is the subject of this appeal.

Appellant raises two issues:

1. Does section 54-133(5), R.C.M.1947, violate the guarantee of equal protection contained in the Fourteenth Amendment, United States Constitution, and Article II, Section 4, 1972 Montana Constitution?

2. Did the joint representation of appellant and her co-defendant deny her the effective assistance of counsel guaranteed by the Sixth Amendment United States Constitution, and Article II, Section 24, 1972 Montana Constitution?

Section 54-133(5), R.C.M.1947, provides:

"A person of the age of 21 years or under convicted of a first violation under this section shall be presumed to be entitled to a deferred imposition of sentence."

In Issue 1, appellant appears to contend this section is unconstitutional both on its face and as applied to her.

The equal protection argument presented here by appellant is based on the false premise that she was denied equal protection due to her sex and age, while the record shows the trial judge made his decisions on the facts.

The issues on appeal, as stated, go to the constitutional questions involved. However, in our view, the case can be determined, not on the constitutional grounds raised, but on the factual findings of the

court as brought out in the hearing. This Court has long held that constitutional questions will not be determined if the case may be determined on nonconstitutional grounds. *Dieruf v. City of Bozeman*, (1977), 173 Mont. 447, 568 P.2d 127; *Skrukrud v. Gallatin Laundry Co.*, (1976), 171 Mont. 217, 557 P.2d 278; *Taylor v. Taylor*, (1975), 167 Mont. 164, 537 P.2d 483.

The court noted in its findings the petitioner had a record of instability; she had failed to complete high school; her work record showed a variety of jobs with no steady work record; she suffered from excessive use of alcohol; and she failed to make a home for an infant son—all of which made her less than a good subject for either probation or a short term imprisonment.

The court noted she admitted she got into the drug business to make easy money. The search after arrest found not only a considerable quantity of marijuana and hashish, but also a quantity of LSD and amphetamine tablets.

As to the co-defendant, Wynia, the court took note of his age but went on to say there was insufficient evidence to show that he was involved in the business operation of drugs, but had there been such involvement it could have resulted in a heavier sentence for him. As to the deferred sentenced imposed on Wynia, the court noted his age and stated it gave him the benefit of the presumption of entitlement to such sentence as contained in section 54-133(5), R.C.M. 1947, but said had that presumption not existed, he would have been subject to a more severe sentence.

Having so found, we cannot find that the trial court erred in denying appellant the relief sought.

In Issue 2 appellant argues she was denied her constitutional right to effective assistance of counsel by reason of the alleged conflict of interest which existed by virtue of attorney Warner's representation of both appellant and her co-defendant. Cf. A.B.A. Standards Relating to the Defense Function, § 3.5.

Appellant basically contends that her attorney in failing to bring to her attention a potential conflict of interest or advise her of her right to separate counsel, did not fairly represent her interests,

thereby depriving her of the effective assistance of counsel. *United States v. Jeffers*, (7th Cir. 1975), 520 F.2d 1256; *United States ex rel. Hart v. Davenport*, (3rd Cir. 1973), 478 F.2d 203; *United States v. Foster*, (1st Cir. 1972), 469 F.2d 1.

■ However, is the rule in Montana state and federal courts that a defendant has the burden of establishing that joint representation, such as that in the instant case, in fact created an actual conflict of interest prejudicing his defense. *State v. Jeffrey*, (1973), 163 Mont. 92, 515 P.2d 364; *United States v. Kutas*, (9th Cir. 1976), 542 F.2d 527, 529. The law does not require an affirmative inquiry into whether or not co-defendants had agreed to common representation. *United States v. Kutas*, supra; *United States v. Christopher*, (9th Cir. 1973), 488 F.2d 849; *State v. Jeffrey*, supra.

In a case somewhat analogous to the instant case, the California Court of Appeals found no conflict of interest where, at the sentencing hearing, counsel for co-defendants suggested that one defendant's involvement in the crime might have stemmed, in part from his association with the second defendant, a prior felon. *People v. Bryant*, (1969), 275 Cal.App.2d 215, 79 Cal.Rptr. 549. See also, *People v. Tillman*, (1975), 59 Mich.App. 768, 229 N.W.2d 922.

■ Here, the strategy employed by counsel at the sentencing hearing was to minimize defendant Wynia's involvement in the "drug scene" as well as to emphasize appellant's role as a "pawn" in a "vicious circle". Given that appellant had already revealed to the State her full knowledge and involvement in both the drug usage and distribution, it is inconceivable that her involvement could be argued to be "minimal". In addition, appellant testified that Wynia was not involved in the business of drugs.

It appears the strategies employed to achieve mitigation of sentences for both appellant and her co-defendant were not in conflict, and that appellant failed in demonstrating the conflict.

Whether appellant was deprived of the effective assistance of counsel appears to be a factual determination, resolved below in favor of the State. A review of the record demonstrates substantial evidence to support the court.

Affirmed.

MR. CHIEF JUSTICE HASWELL and JUSTICES DALY and SHEA concur.

MR. JUSTICE SHEEHY, specially concurring:

I am troubled in this case because of testimony by defendant, Barbara Henry, at the hearing of her motion to reduce the sentence imposed. She stated she had indicated to her then counsel, Mr. Warner, that she wanted to continue her plea of not guilty, and let her co-defendant, also represented by Mr. Warner, plead guilty to Count I with Count II being dropped against him. Then she stated they were advised that the county attorney would not agree to that, and that "they just couldn't do it".

However, this line of testimony stopped there. No questioning along that line was pursued when co-defendant Wynia was on the stand. Mr. Warner was not asked about each defendant entering different pleas, but only about the separation of the cases for trial. The county attorney, Mr. Rice, was not called to the stand, so the record is silent as to whether he was insisting on a package deal in the plea bargaining process.

Moreover, the relief sought by appellant here is a reduction of her five year sentence. She has elected to stand on her plea of guilty. All the testimony is in agreement that both defendants understood when they entered their guilty pleas that the court had not committed, and would not commit, itself to a specific punishment and that punishment in each case was up to the trial judge. In these circumstances, the possibility of conflict of interest between the clients being represented by the same counsel becomes moot.

Therefore, I agree in the decision to affirm.