ALLEN ET AL., APPELLANTS, *v.* CITY OF BUTTE, RESPONDENT.

(No. 3,928.)

(Submitted September 13, 1918. Decided October 7, 1918.)

[175 Pac. 595.]

*Cities and Towns—Special Improvements—Notice—Publication —Assessments—Payment—Statutes—Initiative and Referendum.*

Special Improvements—Notice—Publication—Sufficiency.
  1.  Publication of a notice of intention to create a special improvement district which contained the proper reference to time and place for hearing objections to its final adoption, *held* to have been in substantial compliance with section 3397, Revised Codes.
Same—Statutes—Assessments—Payment.
  2.  *Held*, that the provisions of section 3385, Revised Codes, referring to special improvements to be paid for in cash upon its completion, and those of section 3396, under which payment is to be made upon the installment plan covering a period of years, are not inconsistent.

Same—Assessment—Payment.

    3. Where the city council adopts the plan of payment provided in section 3396, Revised Codes, the entire- cost of the special improvement may be charged to the property.

    [As to property subject to special assessment, see note in **Ann. Cas.** 1915D, 384.]

Same—Initiative and Referendum—When Inapplicable.

    4. The initiative and referendum apply only to matters of general legislation, in which all qualified electors of a city are interested, not to local matters, such as the creation of a special improvement district, in which only its inhabitants or property owners are interested.

Same—Jurisdiction to Order Improvement.

    5. Since section 3373, Revised Codes, does not provide the manner in which the city council shall make manifest its decision that the construction of a sewer was necessary for sanitary. purposes, the question of jurisdiction in the council to proceed with its construction is not presented where plaintiff does not allege in his complaint that it did not, by a vote of the majority of its members, make such decision.

Same—Assessments—Lien—Damages.

    6. Where the city council had acquired jurisdiction to order a special improvement and levy the assessment to pay for it, the assessment became a lien against the property benefited by it from the date the assessment became due, not affected by the circumstance that .plaintiffs had recovered judgments against the city for damages caused by the improvement.

*Appeal from District Court, Silver Bow County; J. J. Lynch,. Judge.*

SUIT by Coleman J. Allen and others against the City of Butte. From a judgment dismissing the complaint, plaintiffs appeal. Affirmed.

*Mr. Peter Breen* and *Messrs. Nolan & Donovan,* for Appellants, submitted a brief; *Mr. Breen* argued the cause orally.

*Messrs. J. A. Poore, John A. Groeneveld, Thos. D. Long* and *Louis F. Lorenz,* for Respondent, submitted a brief; *Mr. Poore* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On July 22, 1908, the city council of Butte adopted Council Resolution 762, for the creation of Special Improvement Dis-

trict No. 70, and for the grading of the streets and the construc-
tion of a sanitary sewer within the boundaries of the district.
Section 4 designated July 29 as the time for hearing objections
"to the final adoption of this resolution," and section 5 pro-
vided for the publication of notice. On July 29 the council
finally adopted the resolution, no objection thereto having been
made. On August 6, Ordinance 849A was passed and approved,
by the terms of which it was ordered that Antimony Street,
within District 70, be graded according to the established grade
of the city, and that a sanitary sewer of eight-inch concrete pipe
be laid in said street within the district. The ordinance pro-
vided for payment on the installment plan and for special
assessments to meet the expense. Thereafter the improvements
were made, and special improvement warrants delivered in pay-
ment. On February 3, 1909, Council Resolution 800 was finally
adopted, after notice, and this resolution levied a special tax
against the property of the district affected, to meet the install-
ment due in 1909. Several of the property owners refused to
pay the special assessment and united in instituting this suit to
restrain the city from selling their property to satisfy the delin-
quent tax. The city prevailed, and plaintiffs appealed from
the judgment dismissing their complaint.

The proceedings of the city were governed by sections 3367,
3369–3389, and 3396–3412, Revised Codes. These statutes have
long since been repealed, and no useful purpose can be served
by an extended discussion of their provisions.

1. Council Resolution 762 shows upon its face that it was
intended to be a resolution of intention to create a special
improvement district, and not a resolution which in itself
created the district upon its adoption July 22, 1908. This
brings the case clearly within the rule adverted to in *Shapard* v.
*City of Missoula,* 49 Mont. 269, 141 Pac. 544, and distinguishes
it from *Cooper* v. *City of Bozeman,* 54 Mont. 277, 169 Pac. 801.
[1] The publication of the resolution, which contained the
proper reference to the time and place for hearing objections

to the final adoption of it, was a substantial compliance with the statute.   (Sec. 3397.)

2. Resolution 762 designated the character of the improvements contemplated, with sufficient particularity.   (*Mansur* v. *City of Polson,* 45 Mont. 585, 125 Pac. 1002.)

3. There is not anything inconsistent between the provisions [2]   of sections 3385 and 3396.   The former section refers to improvements to be paid for by a single payment—in other words, the work to be paid for in cash immediately upon its completion; whereas, section 3396 refers to public improvements to be paid for upon the installment plan, covering a [3]   period of years.   Since the council adopted the latter plan, they were authorized to charge the entire cost to the property.

4. The initiative and referendum apply only to matters of [4]   general legislation, in which all the qualified electors of the city are interested, and not to matters of purely local concern, such as the creation of a special improvement district, in which only the inhabitants or property owners are interested. (*Carlson* v. *City of Helena,* 39 Mont. 82, 17 Ann. Cas. 1233, 102 Pac. 39.)

5. It is argued in the brief of counsel for appellants that the [5]   city council did not by a vote of a majority of its members decide that the construction of the sewer was necessary for sanitary purposes, and the doctrine of *Stadler* v. *City of Helena,* 46 Mont. 128, 127 Pac. 454, is invoked in behalf of the contention that the city did not acquire jurisdiction to proceed with the creation of the district.   In the *Stadler Case* it was alleged in the complaint that "the city council did not, by a vote of the majority of its members, decide that the construction of said sewer was necessary for sanitary purposes," and this allegation was admitted to be true.   In the present case no such allegation is made.   The statute (section 3373) is silent as to the manner in which such decision should be made manifest, and upon the pleadings as they appear in this record the question argued does not arise.

6. The statutes involved in this action were considered at [6] length in *McMillan* v. *City of Butte,* 30 Mont. 220, 76 Pac. 203, and it was there held that it is a question for the legislature to determine in the first instance what property will be specially benefited by an improvement; and in *Beck* v̇. *Holland,* 29 Mont. 234, 74 Pac. 410, it was determined that the legislative authority can be, and in these statutes was, delegated to the city council.

The council, then, having observed the method of procedure ordained by the statute, acquired jurisdiction to order the improvement and to levy the assessment against plaintiffs' property, and the assessment thus levied became a lien upon the property from the date when such assessment became due (section 3407), and was not affected by the fact that thereafter each of these plaintiffs recovered a judgment against the city for damages on account of the street grading done pursuant to Ordinance 849A.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.