No. 13575

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

CHOUTEAU COUNTY, MONTANA,

Plaintiff and Respondent,

-vs-

HENRY I. GROSSMAN, BRUCE G. BRAMLETTE,
RICHARD M. KURTH, JOSEPH C. TADEVICK, et al.,
and all petitioners whose names appear on
the Petition for a County Resolution filed on
the 25th day of May, in the year 1976.

Defendants and Appellants.

Appeal from:   District Court of the Eighth Judicial
               District,
               Honorable Truman G. Bradford, Judge
               presiding.

Counsel of Record:

    For Appellants:

        Donald A. LaBar argued, Great Falls, Montana
        Robert K. Strong argued, Great Falls, Montana
        Church, Harris, Johnson & Williams, Great
        Falls, Montana

    For Respondent:

        A. Evon Anderson argued, Fort Benton, Montana

Submitted:   March 30, 1977

Decided: MAY 3 1977

Filed: MAY 3 1977

_Thomas J. Kearney_
                          Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

The Board of Commissioners of Chouteau County (Board) brought this action pursuant to section 37-301(2), R.C.M. 1947, to determine whether a resolution proposed for voter referendum is valid and constitutional. The referendum proposes that no funds of any nature be used for paving 3 1/2 miles of county road for which the county had called for bids, and that no bids be accepted. The district court, Hon. Truman Bradford, district judge presiding, ruled the proposed resolution invalid. Defendant petitioners appeal.

The issue is whether a decision of the Board of County Commissioners to call for bids and expend funds to pave or oil an existing segment of county road is a legislative function and thus subject to the powers of initiative and referendum reserved to the people, or whether it is an administrative function not subject to referendum.

In late April 1976, the Chouteau County Board of Commissioners published in the Fort Benton, Montana, "River Press" a call for bids for a new paving project. The Board planned to use county funds to pave 3.5 miles of road south of Fort Benton in Chouteau County.

A number of citizens of Chouteau County filed suit to prevent this paving project from being undertaken. On May 13, 1976, district judge Hon. R. J. Nelson, signed a temporary restraining order restraining the county from beginning the paving project by accepting bids, and ordered the county to appear and show cause why the order should not be made permanent.

Before the date set for hearing, more than fifteen percent of the citizens and qualified electors of the county had properly signed petitions that the Board pass this resolution which is in controversy here:

> "BE IT RESOLVED by the Board of County Commissioners of Chouteau County, Montana that: No funds of any nature available to Chouteau County from any source whatsoever be used for paving or oiling that segment of road which is the subject of that certain call for bids dated April 26, 1976, and signed by James F. White, Jr., Chairman and which call for bids generally describes the road as approximately 3 1/2 miles of road at a starting point 5 miles southwest of Fort Benton on the Highwood Road; that no bids from any person shall be accepted by the Board for any such paving or oiling; and, that all Resolutions of the Board of Commissioners of Chouteau County if any to the contrary are hereby repealed."

Further proceedings in the action for injunction were declared moot when the petitions were received. The clerk of Chouteau County certified to the Board that the requisite number of signers had signed the petition. The Board then filed this suit for declaratory judgment alleging the resolution, if adopted "* * * would be invalid in that it is unconstitutionally vague and uncertain.* * *"

The powers of initiative and referendum are reserved to the people in the 1972 Montana Constitution. Art. V, Section 1, provides:

> "The legislative power is vested in a legislature consisting of a senate and a house of representatives. The people reserve to themselves the powers of initiative and referendum." (Emphasis added.)

Art. III, Section 4, provides for the enactment of law by initiative by the people. As appellants state, what was sought here was a referendum to either approve or overrule the prior decision of the Board. State ex rel. Hay v. Alderson, 49 Mont. 387,406, 142 P. 210.

Art. III, Section 5, provides in pertinent part:

"(1) The people may approve or reject by referendum any act of the legislature except an appropriation of money. A referendum shall be held either upon order by the legislature or upon petition signed by at least five percent * * *."

Art. XI, Section 8, states:

"The legislature shall extend the initiative and referendum powers reserved to the people by the constitution to the qualified electors of each local government unit."

The legislature enacted Chapter 3, Title 37, R.C.M. 1947, to carry out that constitutional mandate. Section 37-301(1)(2),, R.C.M. 1947, in pertinent part provides:

"(1) Resolutions may be proposed by the legal voters of any county in this state, in the manner provided in this act. Fifteen per cent (15%) of the legal voters of any county may propose to the board of county commissioners a resolution on a subject within the legislative jurisdiction and powers of such county commissioners, or a resolution amending or repealing any prior resolution or resolutions.* * *" (Emphasis added.)

The board then may enact the resolution or submit it to the people. Before submitting it, the board may challenge it in court, as was done here:

"(2) * * * to determine whether the petition and ordinance are regular in form, and whether the ordinance so proposed would be valid and constitutional.* * *"

There is no objection as to the form of the petition for a referendum or the number of signers. The challenge here is to its validity.

Cities and towns of Montana have for many years been subject to initiative and referendum. Section 11-1104, et.seq., R.C.M. 1947.

Both parties agree that initiative and referendum extend only to legislative action and not to administrative acts, citing City of Billings v. Nore, 148 Mont. 96, 417 P.2d 458, and cases cited therein. The issue then is whether the proposed resolution

- 4 -

addresses itself to a legislative or administrative function.

The district court in its Opinion and Order resolved the issue in this manner:

> "The Montana Supreme Court, in 1966, reaffirmed the rule that 'initiative does not lie concerning matters administrative in nature.' (City of Billings v. Nore, 148 Mont. 96, 104; citing Carlson v. City of Helena, 39 Mont. 82 and Allen v. City of Butte, 55 Mont. 205) The Court, in that same case, acknowledged that differentiating between legislative and administrative actions is difficult but accepted as a reasonable test a determination of whether the act was one creating a new law (legislative) or executing an already existing law (administrative).

> "The Montana legislative assembly has placed the responsibility to 'Lay out, maintain, control, and manage county roads, ferries, and bridges within the county' with the board of county commissioners. (R.C.M., 1947, Section 16-1004(1)). The petition for county resolution that is the subject of this suit seeks to make use of the initiative procedure to govern the activities of the commissioners concerning the paving of an existing segment of road.

> "The Board of County Commissioners of Chouteau County, in publishing its call for bids for paving a section of county road, was attempting to fulfill its duty and responsibility to maintain and manage county roads; it was performing an administrative act by the execution of an already existing law."

We agree with the conclusion of the district court that the resolution seeks to govern administrative acts of the Board which are therefore not subject to referendum.

The resolution in question here is in express terms of whether funds should be expended and bids accepted for the project. It would provide if enacted:

> "No funds of any nature * * * be used for paving or oiling that segment of road * * * that no bids from any person shall be accepted * * * and, that all Resolutions of the Board of Commissioners of Chouteau County if any to the contrary are hereby repealed."

It expressly addresses itself to the expenditure of funds for the carrying out of the project. The acceptance of bids and use of funds for paving are administrative functions.

- 5 -

The resolution does not concern the more fundamental decision of whether the county should pave the road. For this reason appellants' argument that the decision to pave or not to pave the segment of county road is a legislative function and therefore subject to initiative and referendum is not in point.

We accept the principle that initiative and referendum provisions of the Constitution should be broadly construed to maintain the maximum power in the people, and that statutes in aid of these reserved powers "'should be liberally construed, and should not be interfered with by the courts, except upon a clear showing that the law is being violated.'" State ex rel. Freeze v. Taylor, 90 Mont. 439, 447, 4 P.2d 479. 54 Cal.L.Rev. 1717, 1724. We are not persuaded by the so-called counter-principle that "'if essential governmental functions would be seriously impaired by the [initiative or] referendum process, the courts, in construing the applicable constitutional and statutory provisions, will assume that no such result was intended [by the drafters].'" 54 Cal. L. Rev. 1717, 1724.

In City of Billings v. Nore, 148 Mont. 96, 417 P.2d 458, cited by the district court, the electors approved a bond issue for storm sewer system. At issue was the method of assessment to fund payment of the bonds. This Court held that since the ordinance for assessment substantially complied with the issue voted upon, it was administrative in nature and not subject to initiative.

Two cases cited in City of Billings are not in point. Here, a special improvement district is not in question nor a special assessment. It is contemplated that general funds of the county are to be used.

- 6 -

Allen v. City of Butte, 55 Mont. 205, 208, 175 P. 595, was an action to prevent the sale of property for delinquent assessments on a special improvement district. In Allen the Court stated:

> "The initiative and referendum apply only to matters of general legislation, in which all the qualified electors of the city are interested, and not to matters of purely local concern, such as the creation of a special improvement district, in which only the inhabitants or property owners are interested."

Carlson v. City of Helena, 39 Mont. 82, 113, 102 P. 39, was a challenge to a proposed issuance of bonds for procuring a city water system and extending the sewer. An election on the bond issue had been held. On a relatively minor issue in the case, this Court found the initiative and referendum provisions of the code were not applicable and stated:

> "* * * They in terms apply, and were evidently intended to apply only, to matters of general legislation in which all electors without distinction may take an active interest. The question whether the council should have authority to issue bonds could be submitted to the taxpayers only."

In summary, we hold that this proposed resolution to prevent the use of funds and acceptance of bids concerns an administrative function. Administrative acts are not subject to referendum. Therefore, the proposed referendum is invalid.

Judgment of the district court is affirmed.

_____
Justice

- 7 -

We concur:

_____
Chief Justice

_____

_____

_____
Justices.