No. 83-324

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

---

CITY OF SHELBY, a municipal
corporation,

        Plaintiff and Respondent,

  -vs-

GLORIA SANDHOLM, et al.,

        Defendants and Appellants.

---

APPEAL FROM: District Court of the Ninth Judicial District,
In and for the County of Toole,
The Honorable R. D. McPhillips, Judge presiding.

COUNSEL OF RECORD:

    For Appellants:

        J. V. Barron, Great Falls, Montana

    For Respondent:

        Aronow, Anderson, Beatty & Lee, Shelby, Montana

---

Submitted on Briefs: September 15, 1983

Decided: January 26, 1984

Filed: 1984

_Ethel M. Harrison_
---
Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Gloria Sandholm, et al, protesting the creation of a special improvement district, appeal from an order of the Toole County District Court declaring invalid their petition to place on the election ballot for all the registered voters of Shelby, the question of whether a special improvement district created by the city council, should be approved by all the registered voters in Shelby. We affirm.

Although the issues are presented in different ways, the dispositive issue, and one not raised in the trial court, is whether a city council resolution creating a special improvement district consisting of less than the entire city is subject to repeal by referendum procedure. We hold that it is not and therefore affirm the District Court.

Authority for cities to create special improvement districts is provided by sections 7-12-4101 et seq., MCA. Three resolutions are involved. On June 7, 1982, the City of Shelby validly passed Resolution 907, a resolution of intention to create Special Improvement District No. 53 to construct and install a storm sewer system that involved most of the property within the boundaries of the city. Protest of such a resolution is permitted by section 7-12-4110, MCA, and although a protest was lodged within the statutory fifteen days, it was insufficient protest to bar the proceedings under section 7-12-4113, MCA. The City then passed Resolution 908 which created the special improvement district and which also contained the procedures for assessment of costs against the property owners in the improvement district. Finally, on October 18, 1982, the City passed the third resolution, Resolution 916, which permitted

- 2 -

the sale of serial bonds to the highest bidder for cash, the bonds to be paid from the funds of the special improvement district.

The protestors challenged the resolution creating the special improvement district (Resolution 908) by placing a petition before the Toole County election administrator seeking a referendum on the action taken by the City. At this point, the Shelby city attorney requested an opinion from the attorney general as to whether a city council resolution creating a special improvement district under section 7-12-4102, MCA, is subject to repeal by referendum. When the attorney general issued his opinion that the resolution was not subject to repeal by referendum, the Toole County election administrator rejected protestors' petition. The protestors then filed action in District Court asking for a temporary restraining order, injunction, and writ of mandamus to compel the election administrator to rescind her decision rejecting the ballot referendum petition. The protestors alternatively asked that the City file a petition for declaratory judgment to determine the validity of the protestors' petition. The City complied with this request and filed a petition for declaratory judgment in the Toole County District Court. The trial court held that the City's action in creating a special improvement district was not a legislative act subject to referendum. This appeal followed.

We agree, under the facts of this case, that the City's action creating a special improvement district, was not a legislative act subject to referendum. However, we hold also that referendum is not a permissible procedure to challenge the creation of a special improvement district where the

district encompasses less than the entire area within the city limits.

The special improvement district involved here encompasses approximately two-thirds of the real property within the City. If referendum were a permissible procedure in this situation, there would be qualified voters within the city limits who would be qualified to vote on the proposed referendum but who did not own property within the boundaries of the special improvement district. Referendum procedures were not intended to cover this situation.

The Montana Constitution places limits on the use of referendum. Art. III, § 5, provides in part that "[t]he people may approve or reject any act of the Legislature except an appropriation of money . . ." And Art. XI, § 8, extends the power of referendum to the voters of local government by providing that "[t]he legislature shall extend the initiative and referendum powers reserved to the people by the constitution of the qualified voters of each local government unit." The intent of this provision is to give all interested and qualified voters of a municipality a right to vote on a referendum. But here the special improvement district encompasses less than all of the real property in the City, and there are qualified voters in the City who could vote on the referendum but who are not physically or financially affected by the special improvement district. Clearly, the property owners who will be benefited by the improvement, as well as assessed for the costs of the project, should control whether the project succeeds or fails. Section 7-12-4110, MCA, provides the protest procedure for those affected by the special improvement district, but the protest here was insufficient because it

- 4 -

did not represent 50 percent or more of the property within the district, and the trial court so found. The protestors have not appealed from that finding. This being so, the protestors cannot now avail themselves of a city-wide referendum as a means of challenging the creation of a special improvement district affecting less than all of the area in the City, and less than all of the property owners in the City.

The California case of Chase v. Kalber (1915), 28 Cal.App. 561, 153 P. 397, illustrates the application of a referendum procedure to the creation of special improvement districts. California's Constitution reserved to the electors of the cities and counties the initiative and referendum powers, just as does our Montana Constitution. The City wanted to improve streets in certain areas of the City and therefore passed a resolution to create a special improvement district. But, the protestors wanted the resolution placed on the ballot in a city-wide election and they brought an action in mandamus to compel the city clerk to accept their petition to have the City's resolution passed on by the voters of the City. The Supreme Court, however, held that initiative and referendum procedures do not apply to resolutions or ordinances establishing street improvements because such ordinances or resolutions affect only the people within the improvement district rather than the people of the municipality as a whole. We think the same rationale applies here. Referendum is not the proper tool for repeal of an ordinance creating a special improvement district that encompasses less than the entire city limits.

Although the constitutional issue, not raised in the trial court, and raised by this Court sua sponte, is

- 5 -

dispositive, we also agree that the trial court was correct in holding that the challenged resolution was not a legislative act subject to referendum. Rather, it was part of an administrative procedure not subject to initiative or referendum procedure. The trial court's holding is in accord with our decisions in City of Billings v. Nore (1966), 148 Mont. 96, 417 P.2d 458; Dieruf v. City of Bozeman (1977), 173 Mont. 447, 568 P.2d 127; and Allen v. City of Butte (1918), 55 Mont. 205, 175 P. 595, where we also held that only state or local government acts which are legislative, as opposed to administrative in nature, are subject to repeal by referendum or initiative.

The protestors' reliance on City of Billings v. Nore, supra, is misplaced. There the voters of Billings passed an ordinance providing for the sale of municipal bonds to finance a city-wide storm sewer system. The city council then passed an ordinance that created the special improvement district out of the entire city limits, and provided, among other things, for a sliding scale for rate assessment, a method for assessments, a method for collection, and a method to periodically review the assessment rates. The Billings voters petitioned to place the second ordinance on the ballot for a city-wide vote. The issue was whether the ordinance creating the special improvement district was subject to repeal by referendum. The Court held that the second ordinance was not subject to referendum because it was "simply executing" the municipal bond ordinance which the voters had already passed, and therefore it was administrative in nature. It should be emphasized that the burdens imposed there were city-wide, and all property owners in the Billings city limits were to be assessed the cost.

Here, however, the improvement district is not city-wide and it affects less than all of the qualified voters in the City of Shelby.

In Dieruf v. City of Bozeman, supra, we repeated the policy that a city must be free to perform valid administrative acts without having to refer them to the voters. Otherwise, small groups of dissatisfied voters would have it in their power to constantly frustrate the efforts of local government. In Dieruf, the city passed an ordinance setting a formula for assessing property for a parking facility and then adopted a resolution creating the special improvement district for the parking facility. We upheld the trial court's ruling that the protestors were not entitled to a writ of mandamus to refer the ordinance and the resolution to the voters.

We further note that the attorney general issued an opinion on this precise question based on a request by the City of Shelby. The attorney general's opinion stated that "[a] resolution creating a special improvement district under section 7-12-4102, MCA, is not subject to repeal by referendum." 38 Att'y. Gen. Op. No. 73 (1982). The opinion correctly stated the law.

For these reasons, the order of the District Court declaring the protestors' petition invalid is affirmed.

Daniel J. Shea
Justice

- 7 -

We concur:

_____
Chief Justice

_____

_____

_____
Justices