JUSTICE BAKER,
concurring.
¶10 I concur with the Court’s decision to reject the petition in this case and to allow 1-166 to appear on the November 2012 general election ballot. I also concur in the Court’s determination that the Attorney General’s ballot language fairly represents the text of the measure and therefore meets the requirements of §13-27-312(2) and (4), MCA.
¶11 The key issue is whether the petition states a claim that may be entertained in a pre-election original proceeding before this Court. While striving to give liberal construction to constitutional and statutory initiative and referendum provisions in order “to maintain the maximum power in the people,” the Court previously has invalidated proposed ballot issues that are beyond the power that the people reserved to themselves in Article III, Sections 4 and 5, of the Montana Constitution. Chouteau County v. Grossman, 172 Mont. 373, 378, 563 P.2d 1125, 1128 (1977) (invalidating county referendum proposal that concerned an administrative rather than legislative function); Harper, 213 Mont. at 428-29, 691 P.2d at 828-29 (invalidating initiative that proposed a legislative resolution compelling the legislature to reach a specific result).
¶12 Since those cases were decided, the legislature has acted several times over the years to clarify when legal challenges may keep an initiative or referendum off the ballot. Section 3-2-202(3)(a), MCA, under which the petition in this case was filed, now makes clear that this Court has original jurisdiction to review “the attorney general’s legal sufficiency determination in an action brought pursuant to 13-27-316.”Under §13-27-316(2), MCA, Petitioners here have requested the Court to alter the Attorney General’s ballot statements and to overrule his determination that the petition is legally sufficient.
¶13 Consistent with its obligation to construe the statutes to promote, rather than to curtail, the people’s right of direct democracy, the Court interprets the Attorney General’s ‘legal sufficiency” review authority narrowly. Thus, the Court refuses to read § 13-27-312(7), MCA, as conferring power on the Attorney General to reject a citizen-initiated ballot measure for constitutional deficiency. (Opinion, ¶ 6.) The Dissent argues that the Attorney General has power to declare a proposed initiative or referendum facially unconstitutional and to *524 prohibit its placement on the ballot. (Dissent, ¶ 40.) While I believe that it is the judicial branch of government, not the executive, that determines whether a ballot measure is facially unconstitutional, I do not confine my decision in this case to the Court’s rationale that the petitioners simply failed to request the proper form of relief.
¶14 TW]hen the legislature has prescribed a specific process for a court challenge to a ballot measure, we have refused to intervene prior to the election if that process was not followed.” Reichert v. State, 2012 MT 111, ¶ 95, 365 Mont. 92, 278 P.3d 455 (Baker, J., concurring and dissenting) (citing State ex rel. Mont. Citizens for the Preservation of Citizens’Rights v. Waltermire, 224 Mont. 273, 278, 729 P.2d 1283, 1286 (1986)). In contrast to the law at the time Harper and Grossman were decided, the statutes now reflect a clear preference to defer ruling on the constitutionality of a proposed initiative petition until after the results of the election at which it is submitted to the voters. The governing statutes expressly preserve “the right to challenge a ballot issue enacted by a vote of the people.” Section 3-2-202(5), MCA. See also §13-27-316(6), MCA (‘This section does not limit the right to challenge a constitutional defect in the substance of an issue approved by a vote of the people.”). (Emphasis added.)
¶15 Petitioners’ claim that 1-166 is beyond the power of initiative and referendum challenges an alleged constitutional defect in the substance of the measure. Whether or not the Court possesses original jurisdiction in a proper proceeding to invalidate a proposed ballot measure prior to the election (§3-2-202(1), MCA), I would hold in this case that Petitioners’ challenge to 1-166 does not meet the Court’s own requirements for discretionary exercise of its original jurisdiction (M. R. App. P. 14(2) and (4)) and must await the final election results in November. At that time, if the measure is approved by the voters, Petitioners may proceed by filing a complaint for declaratory judgment in district court and by pursuing the “normal appeal process” in this Court. M. R. App. P. 14(4). That process is better suited for the development and informed consideration of constitutional questions such as those raised in the petition. I do not read the Court’s decision today to foreclose such a challenge if the measure is approved in the general election.