FILED

03/31/2026

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 26-0176

OP 26-0176

IN THE SUPREME COURT OF THE STATE OF MONTANA

2026 MT 67

MONTANA MINING ASSOCIATION,
MONTANA CHAMBER OF COMMERCE,
BILLINGS CHAMBER OF COMMERCE,
KALISPELL CHAMBER OF COMMERCE,
MONTANA CONTRACTORS ASSOCIATION,
MONTANA TRUCKING ASSOCIATION,
TREASURE STATE RESOURCE ASSOCIATION
OF MONTANA, MONTANA STOCKGROWERS
ASSOCIATION, INC., MONTANA PETROLEUM
ASSOCIATION (MPA),

        Petitioners,

   v.

AUSTIN KNUDSEN, in his official capacity
as MONTANA ATTORNEY GENERAL; and
CHRISTI JACOBSEN, in her official capacity
as MONTANA SECRETARY OF STATE,

        Respondents.

ORIGINAL PROCEEDING：    Petition for Declaratory Relief

COUNSEL OF RECORD:

    For Petitioner Montana Mining Association:

        Gage Hart Zobell, Ben D. Kappelman, Dorsey & Whitney LLP, Missoula, Montana

    For Petitioners Montana Chamber of Commerce, Billings Chamber of Commerce, Kalispell Chamber of Commerce, Montana Contractors Association, Montana Trucking Association, Treasure State Resource Association, Montana Stockgrowers Association, and Montana Petroleum Association:

        Dale Schowengerdt, Landmark Law PLLC, Helena, Montana

For Respondents:

Austin Knudsen, Montana Attorney General, Helena, Montana

Decided: March 31, 2026

Filed:

_____
Clerk

2

Justice Beth Baker delivered the Opinion and Order of the Court.

¶1     Pursuant to § 13-27-605(2), MCA, the Petitioners above named have filed a Petition for Declaratory Relief on Original Jurisdiction challenging the Attorney General's March 6, 2026 legal sufficiency review of Proposed Ballot Measure No. 10.  The Attorney General determined that the measure—a statutory initiative to amend Title 35 of the Montana Code Annotated to define "artificial persons" and "artificial person powers" in order to exclude "political spending power" from the powers extended to artificial persons under state law— was legally sufficient under § 13-27-226, MCA.  The Attorney General recognized that § 13-27-110(7), MCA, which defines "legal sufficiency" to include "the substantive legality of the proposed issue if approved by the voters," was declared invalid and enjoined by the First Judicial District Court in *Ellingson v. State*, ADV-2023-338 (Mont. First Judicial Dist., Order on Plaintiffs' Second Motion for Partial Summary Judgment, Aug. 18, 2024).[1]  His legal sufficiency letter therefore did not consider the opponents' arguments that Ballot Measure No. 10 would violate the First Amendment.

¶2     This Court has original jurisdiction to review challenges to the Attorney General's review of proposed ballot issues for legal sufficiency and to his preparation of ballot statements.  Section 13-27-605, MCA.  As opponents to Ballot Measure No. 10, Petitioners timely filed their challenge within ten days of the Attorney General's determination. Section 13-27-605(2), MCA.  The Attorney General did not respond within the statutory five-day period.  Section 13-27-605(2), MCA.  The proponents of Ballot Measure No. 10,

---

[1] The *Ellingson* case is presently on appeal in this Court's Cause No. DA 25-0142, but the State has not challenged this portion of the District Court's ruling in that appeal.

Transparent Election Initiative and Jeff Mangan, filed an unopposed motion to intervene "if this Petition is not summarily denied for lack of jurisdiction." The Montana Association of REALTORS®, Inc., Missoula Chamber of Commerce, and Montana Building Industry Association also have moved for leave to file an amicus curiae brief.

¶3 Petitioners assert that Ballot Measure No. 10 is facially unconstitutional because it restricts protected political speech, is unconstitutionally vague, and unconstitutionally conditions entities' benefits on their relinquishment of First Amendment rights. They ask this Court to (1) hold that, "at least where an initiative is unquestionably unconstitutional," the Attorney General has authority to review its substantive constitutionality in his legal-sufficiency determination and (2) reverse the Attorney General's legal sufficiency determination.

¶4 "A long line of our cases have emphasized the limitation upon the Attorney General's authority to address the substantive legality of ballot initiatives and referenda, *both under then-current governing statutes, and in the context of generally applicable common law and constitutional principles*." *Monforton v. Knudsen*, 2023 MT 179, ¶ 6, 413 Mont. 367, 539 P.3d 1078 (emphasis added) (citations omitted). *See also Hoffman v. State*, 2014 MT 90, ¶ 8, 374 Mont. 405, 328 P.3d 604 ("We have made clear in several recent opinions that the Attorney General's legal sufficiency review does not authorize him to withhold a proposed ballot measure from the ballot for an alleged substantive constitutional infirmity."). Given that the statute purporting to confer such authority is not presently in effect, we decline to disturb this precedent here. The Attorney General correctly refused to consider the opponents' substantive constitutional arguments.

4

¶5 This Court declines, too, to entertain on the merits the Petitioners' facial constitutional challenges to the proposed ballot measure. "Pre-election judicial review is disfavored because the people of Montana have a constitutional right to 'change the laws of this State through the initiative process.'" *Mont. Mining Ass'n v. State*, 2018 MT 151, ¶ 13, 391 Mont. 529, 420 P.3d 523 (quoting *Harper v. Greely*, 234 Mont. 259, 265-66, 763 P.2d 650, 654 (1988)). Section 13-27-605(6), MCA, governing the Court's review of the Attorney General's legal sufficiency determination, provides: "This section does not limit the right to challenge a constitutional defect in the substance of an issue approved by a vote of the people." Here, as Ballot Measure No. 10 has not even qualified for the ballot, opining on the substantive constitutional issues raised would be unquestionably advisory. This Court does not issue advisory opinions. *Arnone v. City of Bozeman*, 2016 MT 184, ¶ 7, 384 Mont. 250, 376 P.3d 786; *Plan Helena, Inc. v. Helena Reg'l Airport Auth. Bd.*, 2010 MT 26, ¶ 9, 355 Mont. 142, 226 P.3d 567.

¶6 IT IS THEREFORE ORDERED that the Petition for Declaratory Relief on Original Jurisdiction is DENIED and DISMISSED.

¶7 IT IS FURTHER ORDERED that the Motions to Intervene and for Leave to File Amicus Curiae Brief are DENIED as moot.

The Clerk of Court is directed to give notice of this Opinion and Order to counsel of record and to the Attorney General.

Dated this 31st day of March, 2026.

/S/ BETH BAKER

We Concur:

/S/ CORY J. SWANSON
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ KATHERINE M. BIDEGARAY
/S/ INGRID GUSTAFSON
/S/ JIM RICE